## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **R.D.,** | : | Civil No. 3:16-CV-1056 |
| | : | |
|    **Plaintiff** | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **SHOHOLA CAMP GROUND** | : | |
| **AND RESORT,** | : | |
| | : | |
|    **Defendant** | : | |

### MEMORANDUM ORDER

**I.**     **Factual Background**

This case involves allegations of battery, negligence and negligent hiring and supervision in connection with an episode of alleged sexual abuse which occurred in 2007 when the then-minor plaintiff, R.D., was participating in a camping excursion conducted by the defendant. In the course of this excursion it is alleged that a counselor employed by Shohola, identified as N.S., sexually assaulted the plaintiff, and may have had inappropriate sexual contact with two other minors who shared a tent with the plaintiff and defendant's employee during this excursion. R.D., who is now approximately 20 years old, has sued Shohola Camp Ground, alleging negligence, negligent hiring and supervision and battery. (Doc. 1.) A critical component of the damages claimed by R.D. are damages

1

relating to psychological harm and emotional distress. (Id.) Given the nature of the injuries claimed by R.D. the defendant is seeking a psychiatric examination of R.D., pursuant to Rule 35 of the Federal Rules of Civil Procedure.

On March 7, 2017, the matter was referred to the undersigned for pretrial management and resolution of discovery disputes. Since that time we have addressed, and are in the process of addressing, numerous discovery disputes between these parties. One of these discovery issues relates to a request by the plaintiff to have a health care professional retained by the plaintiff present as an observer at the Rule 35 psychiatric examination of R.D. The parties have submitted letter briefs relating to this procedural aspect of the Rule 35 examination of R.D., (Docs. 53, 54, and 59.), and this question is, therefore, ripe for resolution.

Finding that adequate safeguards already exist to ensure both the emotional well-being of R.D. during this process and the integrity of this evaluation process, the plaintiff's request for an observer in attendance at this examination will be denied.

**II. Discussion**

We have previously discussed the legal benchmarks which govern the presence of observers at psychiatric examinations conducted pursuant to Rule 35 of the Federal Rules of Civil Procedure in our decision in M.S. v. Cedar Bridge

Acad., No. 1:08-CV-2271, 2011 WL 1838885, at *1 (M.D. Pa. May 13, 2011).[1] In M.S. we observed that Rule 35 (a) of the Federal Rules of Civil Procedure governs psychiatric examinations of parties in federal civil litigation and that the court, in the exercise of its discretion, may specify the time, place, manner, conditions and scope of any examination. Rule 35(a)(2)(B), Fed. R. Civ. Pro.  By specifying that the court may determine "the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it," Fed. R. Civ. P. 35(a)(2)(B), Rule 35 consigns the procedures to be used in conducting these examinations to the sound discretion of the court, an approach that is consistent with the general guidance of the rules which provide that issues relating to the scope of discovery rest in the sound discretion of the Court.  Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987).  A court's decisions regarding the conduct of discovery, therefore, will be disturbed only upon a showing of an abuse of discretion.  Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983).

---

[1] While the plaintiff has attempted to distinguish the decision in M.S. by arguing that this decision related only to attorney observers at Rule 35 examinations, we do not believe that the principles articulated in that case are restricted solely to attorney observers.  Quite the contrary, courts have often extended this analysis to requests to have health care providers act as observers for parties at Rule 35 examinations.  See Shirsat v. Mut. Pharm. Co., 169 F.R.D. 68, 70 (E.D. Pa. 1996)

This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

In this case we are asked to exercise our discretion and regulate a procedural aspect of the psychiatric examination of R.D., by ascertaining who may attend this examination, and specifically by addressing the request of plaintiff's counsel to have a health care professional observer attend the examination. In considering this question, we note that Rule 35 does not, by its terms, specify who may attend a

psychiatric examination undertaken in connection with civil litigation. While the rule is silent on this issue, the courts have spoken, providing useful guidance to us in the exercise of our discretion in this field.

The majority rule adopted by the federal courts is that the court may, and often should, exclude third-party observers, including counsel, from medical or psychiatric evaluations. See, e.g., Calderon v. Reederei-Claus-Peter Offen GmbH & Co., 258 F.R.D. 523, 526-7(S.D. Fla. 2009)("the majority of federal courts have held that third parties should be excluded absent special circumstances. See, e.g., Hertenstein v. Kimberly Home Health Care, Inc., 189 F.R.D. 620, 628-34 (D.Kan.1999); McKitis v. Defazio, 187 F.R.D. 225, 228 (D.Md.1999); Ali v. Wang Laboratories, Inc., 162 F.R.D. 165, 168 (M.D.Fla.1995); Tomlin v. Holecek, 150 F.R.D. 628, 631 (D.Minn.1993); Wheat v. Biesecker, 125 F.R.D. 479, 480 (N.D.Ind.1989); Brandenberg v. El Al Israel Airlines, 79 F.R.D. 543, 546 (S.D.N.Y.1978).") In reaching this conclusion, most courts agree that:

> [T]he need for effective psychiatric examinations militates against allowing an observer who could potentially distract the examining psychiatrist and examine thereby compromising the results of the examination. Moreover, the presence of the observer interjects an adversarial, partisan atmosphere into what should be otherwise a wholly objective inquiry. See Jacob v. Chaplin, 625 N.E.2d 486, 492 (Ind.App.1993). Additionally, it is recognized that psychological examinations necessitate an unimpeded, one-on-one exchange between the doctor and the patient. Tomlin v. Holecek et al., 150 F.R.D. 628, 632 (D.Minn.1993); Cline v. Firestone, 118 F.R.D. 588,

> 589 (S.D.W.Va.1988); Brandenberg v. El Al Israel Airlines, 79 F.R.D. 543, 544 (S.D.N.Y.1978); Swift v. Swift, 64 F.R.D. 440, 443 (E.D.N.Y.1974). The court finds that the presence of an observer would lend a degree of artificiality to the examination that would be inconsistent with the applicable professional standard.

Shirsat v. Mutual Pharmaceutical Co., Inc., 169 F.R.D. 68, 71 (E.D.Pa.1996).[2] Thus, in this regard "'the party seeking the attendance of a third party at the examination bears the burden of showing "good cause" for such attendance pursuant to Rule 26(c).' Reyes v. City of New York, No. 00 Civ. 2300(SHS), 2000 WL 1528239, at *3 (S.D.N.Y. Oct.16, 2000) [and], 'most courts start with a presumption against the presence of third persons, and then go on to consider whether special circumstances have been demonstrated in a particularly case.' " Favale v. Roman Catholic Diocese of Bridgeport, 235 F.R.D. 553, 556 (D.Conn.2006).[3]

---

[2] The potentially distorting effect of an observer on an examination or experiment has long been recognized in science and, indeed, has been given a name, Heisenberg's Uncertainty Principle.

[3] While, a few courts take a different view, a view embodied by Pennsylvania Rule of Civil Procedure 4010, and permit counsel for a party to attend a medical or mental examination, Gensberger v. May Department Stores, 184 F.R.D. 552 (E.D. Pa. 1999), for the reasons set forth in our prior decision in M.S. we believe that the better view is that adopted by the majority of courts which places the burden of proof and persuasion regarding the necessity of an observer upon the party seeking that observer. King v. Mansfield Univ. of Pennsylvania, No. 1:11-CV-1112, 2014 WL 563323, at *3 (M.D. Pa. Feb. 11, 2014) citing M.S. v. Cedar Bridge Academy, Civ. No. 1:08–cv–2271, 2011 WL 1838885, *4 (M.D.Pa. May 13, 2011).

With this understanding, we decline to follow the path proposed by the plaintiff. Instead, we adhere to the majority view expressed by the federal courts interpreting Rule 35 of the Federal Rules of Civil Procedure, which recognizes the "need for effective psychiatric examinations militates against allowing an observer who could potentially distract the examining psychiatrist and examinee thereby compromising the results of the examination,[and] the presence of the observer interjects an adversarial, partisan atmosphere into what should be otherwise a wholly objective inquiry" Shirsat v. Mutual Pharmaceutical Co., Inc., 169 F.R.D. 68, 71 (E.D.Pa.1996). In particular, finding that "'the party seeking the attendance of a third party at the examination bears the burden of showing "good cause" for such attendance pursuant to Rule 26(c).' Reyes v. City of New York, No. 00 Civ. 2300(SHS), 2000 WL 1528239, at *3 (S.D.N.Y. Oct.16, 2000) [and], 'most courts start with a presumption against the presence of third persons, and then go on to consider whether special circumstances have been demonstrated in a particularly case,' " Favale v. Roman Catholic Diocese of Bridgeport, 235 F.R.D. 553, 556 (D.Conn.2006), we conclude that the plaintiff has not made a sufficient showing to overcome this presumption.

The principal justification for the presence of an observer at this examination voiced by the plaintiff is an understandable concern regarding R.D.'s emotional fragility. While we share, and appreciate, that concern we note that R.D. is now in

his 20's, is ten years removed from the events giving rise to this lawsuit, and has over the past decade presumably gained some measure of emotional maturity which will allow the plaintiff to be better equipped to deal with the rigors of this examination. Moreover, the examination itself will be conducted in a clinical setting by "a board certified psychiatrist in accordance with his professional responsibilities." (Doc. 53, p.3.) Thus, the examiner is a competent medical professional who will be fully cognizant and mindful of the plaintiff's reported conditions, and will be well equipped to appropriately address any medical issues which may arise during this examination. These measures, in our view, adequately address any medical concerns that may arise in the course of this examination. Furthermore, the examination will be recorded and a copy of both the recording and the transcript will be provided to the plaintiff at no cost. (Id.) These additional procedural safeguards will permit an informed forensic evaluation of the examination, and allow all parties to fully assess the validity of this evaluation process without the necessity of an on-site observer, a feature which could potentially alter the dynamic of any examination. Therefore, in the exercise of our discretion we will decline the plaintiff's invitation to order this examination conducted in the presence of an observer retained by the plaintiff.

    An appropriate order follows:

### III. Order

For the reasons set forth in the accompanying Memorandum, the plaintiff's request to have an observer attend the Rule 35 examination of the plaintiff is DENIED.

So ordered this 17th day of March, 2017.

*S/ Martin C. Carlson*
MARTIN C. CARLSON
United States Magistrate Judge
