# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| R.D., | : | Civil No. 3:16-CV-1056 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| SHOHOLA CAMP GROUND AND RESORT, | : | |
| Defendant | : | |

## MEMORANDUM ORDER

### I.  Factual Background

This case involves allegations of battery, negligence and negligent hiring and supervision in connection with an episode of alleged sexual abuse which occurred when the then-minor plaintiff, R.D., was participating in a camping excursion conducted by the defendant. In the course of this excursion it is alleged that another camper, identified as N.S., sexually assaulted the plaintiff, and may have had inappropriate sexual contact with two other minors who shared a tent with the plaintiff and N.S. during this excursion. These two other minors are identified in these proceedings as G.M. and E.J.

On March 7, 2017, this matter was referred to the undersigned for pretrial management and resolution of discovery disputes. Since that time we have

1

addressed, and are in the process of addressing, numerous discovery disputes between these parties. As part of this process we convened a conference of counsel on April 27, 2017, in order to address an array of pending discovery issues. In the wake of that conference, this omnibus discovery memorandum order follows.

## II. Discussion

### A. Scheduling

As a threshold matter during this conference the parties discussed scheduling issues with the court. Noting that the current discovery schedule expires by June 1, 2017, the plaintiff voiced the view that a brief discovery extension may be necessary, a request that the defendant opposed. While we recognize that some extension may ultimately be necessary given the fractious nature of discovery to date, we believe in the first instance the parties should work together to prepare a comprehensive discovery plan to provide for the orderly completion of discovery and, if necessary, a mutually agreeable discovery extension schedule. Therefore, IT IS ORDERED that the parties shall consult and confer with an eye towards developing a comprehensive discovery schedule and report to the court on the status of these efforts on or before **May 12, 2017**. If the parties are unable to resolve these scheduling issues by May 12, they shall notify the court and we will prescribe a schedule for the parties.

## B. E-Mails

A second issue dividing the parties and discussed at this conference related to what are alleged to have been recent e-mail communications between the defendants and potential witnesses in this litigation. This issue has been discussed by counsel in letter briefs submitted to the court, (Docs. 84 and 95), and arose in the context of the deposition of one witness, GM, who reported such contacts. This report, in turn, led the plaintiff to pursue all e-mails between the defendant, and GM, as well as all e-mail contact between the defendant and any other potential witnesses. As originally framed this discovery request was broad in its temporal scope, encompassing years of potential e-mails. The defendant has responded to this request by asserting that it has produced all pertinent e-mails with GM, and by alleging that any other e-mails to other potential witnesses reflect attorney work product as they sought information in anticipation of litigation.

Following our April, 27, 2017 conference, IT IS ORDERED as follows: (1) the temporal scope of any e-mail review is limited to the most pertinent time period, January 2016 to the present. (2) With respect to e-mails between the defendant and GM any undisclosed e-mails shall be provided to the court for its *in camera* review on or before **May 12, 2017**. (3) As for e-mails between the defendant and any other potential witnesses from January 2016 to the present, as to which the defendant is asserting a claim of work product privilege, on or before

**May 12, 2017**, the defendant shall produce a privilege log identifying and describing these communications. The use of a privilege log as a tool in resolving disputes regarding claims of privilege is expressly sanctioned by Rule 26(b)(5)(A), which provides that:

> (A) Information Withheld. When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> (i) expressly make the claim; and
>
> (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A).

In preparing this privilege log, the defendant is reminded that the courts have described the legal requisites of a valid privilege log in the following terms:

> The privilege log should: identify each document and the individuals who were parties to the communications, providing sufficient detail to permit a judgment as to whether the document is at least potentially protected from disclosure. Other required information, such as the relationship between ... individuals not normally within the privileged relationship, is then typically supplied by affidavit or deposition testimony. Even under this approach, however, if the party invoking the privilege does not provide sufficient detail to demonstrate fulfillment of all the legal requirements for application of the privilege, his claim will be rejected. *Bowne*, 150 F.R.D. at 474 (citations omitted); see also von Bulow, 811 F.2d at 146; *In re Grand Jury Subpoena Dtd. Jan. 4, 1984*, 750 F.2d 223, 224-25 (2d Cir.1984.)

*United States v. Constr. Products Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996).

Upon receipt of this privilege log, the court and the parties will then be able to determine any remaining discovery privilege claims, and we will achieve the parties' shared goal of allowing this case to be promptly and fairly addressed on its merits.

### C. Medical Records

A third discovery issue addressed at this conference related to the outstanding motion to quash subpoenas issued by the plaintiff to various health care providers who treated N.S. over the years. (Doc. 49) These subpoenas were issued to four health care providers and we had instructed N.S.'s counsel to collect the subpoenaed records and forward them to the court for our *in camera* review.

Several basic guiding principles inform our resolution of this discovery dispute. At the outset, "[r]ule 45 of the Federal Rules of Civil Procedure establishes the rules for discovery directed to individuals and entities that are not parties to the underlying lawsuit. Fed.R.Civ.P. 45. A subpoena under Rule 45'must fall within the scope of proper discovery under Fed.R.Civ.P. 26(b)(1).' *OMS Invs., Inc. v. Lebanon Seaboard Corp.*, No. 08–2681, 2008 WL 4952445, at *2 (D.N.J. Nov. 18, 2008)." *First Sealord Sur. v. Durkin & Devries Ins. Agency*, 918 F. Supp. 2d 362, 382 (E.D. Pa. 2013). Rule 45 also confers broad enforcement powers upon the court to ensure compliance with subpoenas, while avoiding unfair prejudice to persons who are the subject of a subpoena's commands. In this

regard, it is well settled that decisions on matters pertaining to subpoena compliance rest in the sound discretion of the trial court and will not be disturbed absent a showing of an abuse of that discretion. *R.J. Reynolds Tobacco v. Philip Morris Inc,* 29 F. App'x 880, 881 (3d Cir. 2002). This far-reaching discretion extends to decisions regarding how to enforce compliance with subpoenas, where " '[i]t is well-established that the scope and conduct of discovery are within the sound discretion of the trial court.' *Guinan v. A.I. duPont Hosp. for Children*, No. 08–228, 2008 WL 938874, at *1 (E.D.Pa. Apr.7, 2008) (quoting *Marroquin–Manriquez v. INS*, 699 F.2d 129, 134 (3d Cir.1983))." *Coleman-Hill v. Governor Mifflin School Dist,*. 271 F.R.D. 549, 552 (E.D.Pa. 2010).

This broad discretion, however, is guided by certain general principles. At the outset, when considering a motion to quash or modify a subpoena we are enjoined to keep in mind that the reach of a subpoena is defined by the proper scope of discovery in civil litigation. As one court aptly observed:

> Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure authorizes a court to quash or modify a subpoena that subjects a person to undue burden. Fed.R.Civ.P. 45(c)(3)(A)(iv), 28 U.S.C. (1994); *see Composition Roofers Union Local 30 Welfare Trust Fund v. Graveley Roofing Enter.,* 160 F.R.D. 70, 72 (E.D.Pa.1995)(Joyner, J.)(stating same). Accordingly, a court may quash or modify a subpoena if it finds that the movant has met the heavy burden of establishing that compliance with the subpoena would be "unreasonable and oppressive." *Id*. (*citing Heat & Control, Inc. v. Hester Indus*., 785 F.2d 1017, 1023 (Fed.Cir.1986)). [However, when assessing a motion to quash we must also consider the fact that] Rule 26(b)(1) provides that discovery need not be confined to matters of admissible evidence

6

but may encompass that which "appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

*Wright v. Montgomery County*, No. 96-4597, 1998 WL 848107, *2 (E.D.Pa. Dec. 4, 1998). Thus, in ruling upon a motion to quash, "this court is required to apply the balancing standards-relevance, need, confidentiality and harm. And even if the information sought is relevant, discovery is not allowed where no need is shown, or where compliance is unduly burdensome, or where the potential harm caused by production outweighs the benefit." *Mannington Mills, Inc. v. Armstrong World Indus., Inc.*, 206 F.R.D. 525, 529 (D. Del. 2002).

Thus far we have received and reviewed records from two sources, the Redco Group and Bon Secours Health Partners. For the most part, these records relate to matters of personal health care, issues cloaked in great privacy, pertaining to a non-party, N.S. Furthermore, for the most part there is no indication that any of these detailed medical records were shared with Camp Shohola. Thus, it is difficult to see how this medical information, which is deeply personal in nature and was not shared with Camp Shohola, could be relevant to the claims of negligence or negligent entrustment made by the plaintiff against the camp.

There is, however, one exception that we note where the balance of privacy and relevance tilts here in favor of disclosure. Several records from Bon Secours, however, also contain reports submitted to Camp Shohola on camper forms that purported to describe N.S.'s medical condition and limitations. These reports

7

provided to Camp Shohola, are not cloaked in the same measure of privacy as N.S.'s other medical records since they were disclosed to the defendant. Moreover, these records have greater relevance to this lawsuit, since they reflect the state of the defendant's knowledge regarding N.S.'s health and well-being, including any emotional health issues N.S. may have experienced at the time of his enrollment at Camp Shohola. Therefore, these records may be relevant to the central issue in this litigation; namely, whether the defendants acted negligently when it housed N.S. with R.D.

Taking these factors into consideration, as to the Redco, and Bon Secours medical records of N.S., the motion to quash, (Doc. 49), is GRANTED, in part, and DENIED, in part. Specifically, the motion is GRANTED with respect to all medical records, EXCEPT those medical records which reflect disclosure of medical information by health care providers to Camp Shohola. As to records reflecting disclosures by health care providers of information to Camp Shohola, the motion to quash is DENIED, and these records shall be produced on or before **May 12, 2017**.

### D. Rule 30(b)(6) Deposition

Finally, the parties have submitted letter briefs relating to one other discovery issue, the Rule 30(b)(6) deposition of Mr. Barger, the designated corporate records custodian for the defendant, Camp Shohola. The parties agree

that Mr. Barger is both the Rule 30(b)(6) records custodian deponent and a fact witness in this case, but have widely differing views regarding the best and most efficient way of eliciting information from Mr. Barge in a deposition setting. On this score, the contrasting positions of the parties have been summarized in their written submissions. (Docs. 92, 96, and 98) The plaintiff, citing other alleged documentary discovery shortcomings in this case, wishes to first conduct a deposition of Barger as a Rule 30(b)(6) deponent, and then later schedule a second deposition of Barger as a fact witness. The defendant urges us to order a single deposition of Barger both as a fact witness as a records custodian.

Issues relating to the proper scope and nature of discovery rest in the sound discretion of the court. *Wisniewski v. Johns-Manville Corp.,* 812 F.2d 81, 90 (3d Cir. 1987). A court's decisions regarding the conduct of discovery, therefore, will be disturbed only upon a showing of an abuse of discretion. *Marroquin-Manriquez v. I.N.S.,* 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. *See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc.,* 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." *Saldi v. Paul Revere Life Ins. Co.,* 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing *Scott Paper Co. v. United*

9

*States,* 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion*." Kresefky v. Panasonic Commc'ns and Sys. Co.,* 169 F.R.D. 54, 64 (D.N.J.1996); *see also Hasbrouck v. BankAmerica Hous. Servs.,* 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); *EEOC v. Mr. Gold, Inc.,* 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

*Halsey v. Pfeiffer*, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion extends to resolution of questions regarding whether, and to what extent, parties should be permitted to conduct separate depositions of individuals who are both fact witnesses and corporate record custodian Rule 30(b)(b)(6) deponents. *See e.g., State Farm v. New Horizont, Inc*., 2654 F.R.D. 227 (E.D.P. 2008); *AIA Holdings, Inc. v. Lehman Bros., Inc,* No. 97-CV-497, 2002 WL 1041356 (S.D.N.Y. 2002). In this case, in the exercise of our discretion, we will adopt of third, less categorical approach to this question than either of the two courses proposed by the parties. Given the disclosures which we have directed in this order and in our prior orders, as well as the disclosures made by the defendant in the course of discovery, we are not prepared to assume that there is a large body of undisclosed information which makes two separate depositions of Mr. Barger as a Rule 30(b)(6) deponent, and later as a fact witness, necessary in this case.

Therefore, we will not compel Barger to sit for two separate depositions at this time. However, we enter this order without prejudice to the plaintiff later applying for a second deposition of Mr. Barger if it is shown that there was some prejudicial non-disclosure of information which hampered the full, untrammeled deposition of this important fact witness. Accordingly, the request to compel Barger to submit to two separate depositions as a Rule 30(b)(6) deponent and as a fact witness is DENIED, without prejudice to renewal upon a later showing of need. By adopting this course we do not unnecessarily compel two depositions of Mr. Barger, but we create every incentive for full transparency in document discovery, since a failure of such transparency may compel what the defense seeks to avoid—two depositions of this witness.

An appropriate order follows:

### III. Order

For the reasons set forth in the accompanying Memorandum, IT IS ORDERED as follows:

1. With respect to e-mail disclosure issues IT IS ORDERED as follows: (1) The temporal scope of any e-mail review is limited to the most pertinent time period, January 2016 to the present. (2) With respect to e-mails between the defendant and GM any undisclosed e-mails shall be provided to the court for its in camera review on or before **May 12, 2017**. (3) As

for e-mails between the defendant and nay other potential witnesses from January 2016 to the present, as to which the defendant is asserting a claim of work product privilege, on or before **May 12, 2017**, the defendant shall produce a privilege log to the plaintiff identifying and describing these communications.

2. With respect to the pending motion to quash subpoenas, (Doc. 49), as it relates to the records produced by the Redco Group and Bon Secours Health Partners the motion to quash is GRANTED, in part, and DENIED, in part. Specifically, the motion is GRANTED with respect to all medical records, EXCEPT those medical records which reflect disclosure of medical information by health care providers to Camp Shohola. As to records reflecting disclosures by health care providers of information to Camp Shohola, the motion to quash is DENIED, and these records shall be produced on or before **May 12, 2017**.

3. With respect to the request to compel Barger to submit to two separate depositions as a Rule 30(b)(6) deponent and as a fact witness is DENIED, without prejudice to renewal upon a later showing of need.

4. With respect to discovery scheduling issues IT IS ORDERED that the parties shall consult and confer with an eye towards developing a

comprehensive discovery schedule and report to the court on the status of these efforts on or before **May 12, 2017**.[1]

So ordered this 1st day of May, 2017.

*S/ Martin C. Carlson*
MARTIN C. CARLSON
United States Magistrate Judge

---

[1] We acknowledge one remaining issue, reimbursement rates for Dr. Cohen a subpoenaed deponent who was N.S.'s treating doctor. We will address this question separately.