# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| R.D., | : | Civil No. 3:16-CV-1056 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| SHOHOLA CAMP GROUND AND RESORT, | : | |
| Defendant | : | |

## MEMORANDUM ORDER

### I. Factual Background

This case involves allegations of battery, negligence and negligent hiring and supervision in connection with an episode of alleged sexual abuse which occurred when the then-minor plaintiff, R.D., was participating in a camping excursion conducted by the defendant. In the course of this excursion it is alleged that another camper, identified as N.S., sexually assaulted the plaintiff, and may have had inappropriate sexual contact with two other minors who shared a tent with the plaintiff and N.S. during this excursion. These two other minors are identified in these proceedings as G.M. and E.J.

On March 7, 2017, this matter was referred to the undersigned for pretrial management and resolution of discovery disputes. Since that time we have

1

addressed, and are in the process of addressing, numerous discovery disputes between these parties.

One of these pending discovery issues relates to the proper rate of reimbursement for a subpoenaed deponent-witness, Dr. Adam Cohn. Dr. Cohen is a psychiatrist who has been treating the plaintiff, R.D. R.D. identified Dr. Cohen as a fact witness in this case, and the defense has subpoenaed Dr. Cohen to testify as a fact witness in a discovery deposition. While the doctor is prepared to comply with the subpoena counsel for the doctor and the defendant have presented us with a dispute regarding the proper rate of reimbursement for this witness.

It is the defendant's position that, as a fact witness, Dr. Cohen's witness fee is set by statute at $40.00 per day. See 28 U.S.C. §1821(b). In contrast, the doctor's counsel, citing the inconvenience and expense of the deposition for the doctor; the doctor's training, experience and expertise; and perhaps anticipating that the nature of the defendant's inquiry will encroach into matters of medical opinion, argues that the doctor should be reimbursed at a rate of $450 per hour for what will essentially be expert testimony. Each party has submitted a letter brief supporting their respective view on this issue. (Docs. 94 and 95.) Accordingly, this matter is ripe for resolution.

For the reasons set forth below, IT IS ORDERED that the doctor is entitled to the standard fact witness fee of $40 per day for participating in this deposition as

fact witness. IT IS FURTHER ORDERED, however, that upon completion of the deposition, if it can be shown that the questioning of the doctor treated him as an expert witness, rather than a fact witness, upon a proper application the court will consider directing further reimbursement for participating in this deposition.

**II.     Discussion**

The discovery question presented here regarding the proper rate of reimbursement for a treating physician deponent-witness does not admit of a single, simple, easy answer. Quite the contrary, this legal question is defined by two sharply divergent lines of authority. Drawing upon the statute which governs witness fees for fact witnesses generally, 28 U.S.C. §1821, many cases adopt the view that a treating physician who is identified and subpoenaed as a fact witness is simply entitled to the fact witness fee, $40 per day. See e.g., Irons v. Karceski, 74 F.3d 1262, 1262 (D.C. Cir. 1995); Jorden v. Steven J. Glass, MD, No. CIV 09-1715 (JHR/JS), 2010 WL 3023347, at *2 (D.N.J. July 23, 2010); McDermott v. FedEx Ground Sys., Inc., 247 F.R.D. 58, 58 (D. Mass. 2007); DeRienzo v. Metro. Transit Auth. & Metro-N. Rail Rd., No. 01 CIV. 8138(CBM), 2004 WL 67479 (S.D.N.Y. Jan. 15, 2004); Demar v. United States, 199 F.R.D. 617, 618 (N.D. Ill. 2001); Fisher v. Ford Motor Co., 178 F.R.D. 195, 197 (N.D. Ohio 1998); Baker v. Taco Bell Corp., 163 F.R.D. 348 (D. Colo. 1995). In reaching this conclusion, courts have acknowledged that: "Section 1821, as the Supreme Court has made clear,

Hurtado v. United States, 410 U.S. 578, 587 n. 7, 93 S.Ct. 1157, 1163 n. 7, 35 L.Ed.2d 508 (1973), is not designed to compensate witnesses fully for their lost time and income," some of the measures of loss cited by Dr. Cohen's counsel. Fisher v. Ford Motor Co., 178 F.R.D. 195, 197 (N.D. Ohio 1998). These courts further observe that all fact witnesses have an equal obligation to provide testimony and that no fact witness should receive a different and greater witness fee for providing what is essentially fact testimony.

In contrast, other courts have held that treating physicians, in certain circumstances, should be treated as expert witnesses entitled to fees over and above those provided for by 28 U.S.C. §1821. See e.g., Lamere v. N.Y. State Office For The Aging, 223 F.R.D. 85, 93 (N.D.N.Y. 2004), aff'd, No. 03-CV-0356, 2004 WL 1592669 (N.D.N.Y. July 14, 2004) Coleman v. Dydula, 190 F.R.D. 320, 323 (W.D.N.Y. 1999) citing Scheinholtz v. Bridgestone/Firestone, Inc., 187 F.R.D. 221, 222 (E.D.Pa.1999) ("reluctantly" approving agreed-upon fee of $600 per hour for treating physician's deposition); Magee v. Paul Revere Life Ins. Co., 172 F.R.D. 627, 645–46 (E.D.N.Y.1997) (finding $250 per hour to be reasonable fee for treating psychiatrist's deposition); Slywka v. CMI–Equipment & Engineering, Inc., 1997 WL 129378 at *1 (M.D.Pa. March 14, 1997) (finding deposition rate of $300 per hour for treating physician designated as both fact witness and expert witness "generous, and ample to satisfy Rule 26(b)(4)[(E)]' s 'reasonable fee'

requirement"); Hose v. Chicago and North Western Transp. Co., 154 F.R.D. 222, 225–27 (S.D.Iowa 1994) (finding $400 per hour to be reasonable fee for treating neurologist's deposition). These cases focus upon the unique expertise of treating doctors, and often characterize their testimony as being akin to that of an expert witness, thus justifying Rule 26(b)(4)(E)' s "reasonable fee" requirement for expert witness deposition testimony.

Several factors combine to foster this divergence of opinions. At the outset, "[t]he law is not well developed as to what may and how to define a treating physician, and, for the most part, the distinction between a treating physician being viewed as either an expert or a fact witness is rather opaque." Lamere v. N.Y. State Office For The Aging, 223 F.R.D. 85, 87 (N.D.N.Y. 2004), aff'd, No. 03-CV-0356, 2004 WL 1592669 (N.D.N.Y. July 14, 2004). Further complicating this analysis is the fact that: "whether a treating physician should be compensated at a 'fact' witness rate of $40 per day or a 'reasonable" rate [as an expert] depends on the substance of such physician's testimony." Wirtz v. Kansas Farm Bureau Servs., Inc., 355 F. Supp. 2d 1190, 1211 (D. Kan. 2005). Thus, this question is often not amenable to a definitive answer in advance of the witness' actual testimony. Moreover, once the physician has testified, while the benchmarks for characterizing that testimony as either expert or fact witness testimony remain "rather opaque," Lamere v. N.Y. State Office For The Aging, supra, 223 F.R.D. at

5

87, we find the following guidance persuasive as a benchmark for determining whether the physician testimony advances beyond mere factual recitals into the realm of expert opinion:

> If the treating physician's testimony is limited to pure observation, an explanation of treatment notes, etc., then the physician may properly be characterized as a fact witness and receive nothing more than the statutory witness fee. If, however, testimony is elicited that reasonably may be considered to be an opinion based on specialized skill and knowledge that fall within Fed.R.Evid. 702, then the physician may properly be characterized as an expert witness and is entitled to a reasonable fee.

Wirtz v. Kansas Farm Bureau Servs., Inc., 355 F. Supp. 2d 1190, 1212 n. 91 (D. Kan. 2005).

Guided by these legal tenets, and recognizing that no prospective assessment of the testimony of the anticipated testimony of a treating physician can definitively answer whether that witness provides fact or expert testimony, we will begin by adopting the characterization given Dr. Cohen by the parties, who have identified him as a fact witness, and order that the doctor be reimbursed at the fact witness rate of $40 per day. However, we enter this order without prejudice to Dr. Cohen and his counsel coming back before this court, upon completion of the deposition, and seeking a "reasonable rate" of reimbursement authorized by Rule

26(b)(4)(E) for expert witnesses if the deposition reveals that that expert testimony is elicited from the doctor.[1]

An appropriate order follows:

### III. Order

For the reasons set forth in the accompanying Memorandum, IT IS ORDERED that Dr. Cohen shall be reimbursed for his deposition testimony at the statutory rate of $40 per day, but IT IS FURTHER ORDERED that this directive is entered without prejudice to Dr. Cohen and his counsel coming back before this court, upon completion of the deposition, and seeking a reasonable rate of reimbursement authorized Rule 26(b)(4)(E) for expert witnesses if the deposition reveals that that expert testimony is elicited from the doctor.

So ordered this 10th day of May, 2017.

*S/ Martin C. Carlson*
MARTIN C. CARLSON
United States Magistrate Judge

---

[1] Of course, nothing in this order prevents the defendant, upon consideration of both this court's order and the testimony it plans to elicit from Dr. Cohen from negotiating the payment of a higher rate of reimbursement for this witness.