# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| R.D., | : | Civil No. 3:16-CV-1056 |
| | : | |
| Plaintiff | : | (Judge Munley) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| SHOHOLA CAMP GROUND AND RESORT, | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM ORDER

### I. Factual Background

On June 3, 2016, plaintiff R.D. brought claims of battery, negligence and negligent hiring and supervision in connection with an episode of alleged sexual abuse which occurred when the plaintiff participated in a camping excursion as a minor that was conducted by the defendant, Shohola Camp Ground and Resort. In the course of this excursion it is alleged that another camper, identified as N.S., sexually assaulted the plaintiff, and may have had inappropriate sexual contact with two other minors who shared a tent with the plaintiff and N.S. during this excursion. The two other minors are identified in these proceedings as G.M. and E.J.

On March 7, 2017, this matter was referred to the undersigned for pretrial management and resolution of discovery disputes. (Doc. 63.) The lone remaining discovery dispute now before this court is the defendant's motion to quash a subpoena to appear and testify at a deposition issued by the plaintiff to Gary Trobe, an investigator for the defendant. (Doc. 136.) With respect to this motion, the defendant argues that Trobe should not be compelled to appear and testify at a deposition because any testimony that he could possibly give would be protected attorney work product. (Doc. 136, at 1.) The plaintiff filed a brief in opposition to the motion to quash, arguing that Trobe's interactions with and potential intimidation of non-party witnesses is highly relevant to the evaluation of testimony given by those witnesses and that inquiry into Trobe's conduct in this regard is not protected by work-product privilege. (Doc. 144.) Camp Shohola filed a reply brief on September 19, 2017. (Doc. 147.) This motion to quash is thus ripe for resolution.

For the reasons set forth below, the motion will be denied, but we will set strict topical limitations on any deposition testimony in order to avoid unwarranted intrusions into privileged work product.

**II.    Discussion**

Several basic guiding principles inform our resolution of the instant motion to quash. At the outset, "Rule 45 of the Federal Rules of Civil Procedure

establishes the rules for discovery directed to individuals and entities that are not parties to the underlying lawsuit. Fed. R. Civ. P. 45. A subpoena under Rule 45 'must fall within the scope of proper discovery under Fed. R. Civ. P. 26(b)(1).'" First Sealord Sur. v. Durkin & Devries Ins. Agency, 918 F. Supp. 2d 362, 382 (E.D. Pa. 2013) (quoting OMS Invs., Inc. v. Lebanon Seaboard Corp., No. 08–2681, 2008 WL 4952445, at *2 (D.N.J. Nov. 18, 2008). Rule 45 also confers broad enforcement powers upon the court to ensure compliance with subpoenas, while avoiding unfair prejudice to persons who are the subject of a subpoena's commands. In this regard, it is well settled that decisions on matters pertaining to subpoena compliance rest in the sound discretion of the trial court and will not be disturbed absent a showing of an abuse of that discretion. R.J. Reynolds Tobacco v. Philip Morris Inc., 29 F. App'x 880, 881 (3d Cir. 2002); see also Coleman-Hill v. Governor Mifflin School Dist., 271 F.R.D. 549, 552 (E.D. Pa. 2010) ("It is well-established that the scope and conduct of discovery are within the sound discretion of the trial court." (quoting Marroquin–Manriquez v. INS, 699 F.2d 129, 134 (3d Cir. 1983)).

This broad discretion, however, is guided by certain general principles. At the outset, when considering a motion to quash or modify a subpoena we are enjoined to keep in mind that the reach of a subpoena is defined by the proper scope of discovery in civil litigation. Rule 45(d)(3)(A) of the Federal Rules of

Civil Procedure requires a court to quash or modify a subpoena that subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv). Thus, "a District Court may quash or modify a subpoena if it finds that the movant has met its heavy burden of establishing that compliance with the subpoena would be "unreasonable and oppressive." Composition Roofers Union Local 30 Welfare Tr. Fund v. Graveley Roofing Enterprises, Inc., 160 F.R.D. 70, 72 (E.D. Pa. 1995) (quoting Heat & Control, Inc. v. Hester Indus., Inc., 785 F.2d 1017, 1023 (Fed. Cir. 1986)). However, in assessing a motion to quash we must also consider the fact that "Rule 26(b)(1) provides that discovery need not be confined to matters of admissible evidence but may encompass that which appears reasonably calculated to lead to the discovery of admissible evidence." Stabilus v. Haynsworth, Baldwin, Johnson & Greaves, P.A., 144 F.R.D. 258, 265 (E.D. Pa. 1992) (quotation omitted).[1]

Here, the plaintiff seeks to depose Trobe as to his interactions with non-party witnesses E.J., G.M., and Massachusetts State Police Detective Matthew Cosgrove. (Doc. 144, at 6.) The Defendant argues that this information is not discoverable because it is protected from disclosure as attorney work product. (Doc. 136, at 2.)

---

[1] In our view the current text of Rule 26 does not materially alter this analysis since it also provides that: "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P., Rule 26(b)(1).

The work-product doctrine is embodied within Rule 26(b)(3) of the Federal Rules of Civil Procedure, which provides that "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial" unless otherwise discoverable and a party shows substantial need for the material. Fed. R. Civ. P. 26(b)(3)(A). The doctrine "shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." In re Cendant Corp. Sec. Litig., 343 F.3d 658, 661–62 (3d Cir. 2003) (quoting United States v. Nobles, 422 U.S. 225, 238 & n. 11, 95 S. Ct. 2160, 45 L. Ed. 2d 141 (1975)). "Rule 26(b)(3) establishes two categories of protection: fact work product and opinion work product." Dempsey v. Bucknell Univ., 296 F.R.D. 323, 328 (M.D. Pa. 2013). " 'Fact work product is discoverable only upon a showing [of] "substantial need" and by demonstrating that one cannot otherwise obtain the "substantial equivalent" of such materials without "undue hardship." ' In re Linerboard Antitrust Litig., 237 F.R.D. 373, 381 (E.D. Pa. 2006) (quoting Fed. R. Civ. P. 26(b)(3))."Farkas v. Rich Coast Corp., No. 1:14-CV-272, 2016 WL 6618076, at *3 (M.D. Pa. Nov. 9, 2016). "Opinion work product, 'which consists of mental impressions, conclusions, opinions, or legal theories of an attorney, is afforded almost absolute protection' and it 'is discoverable only upon a showing of rare and exceptional circumstances.'" Dempsey, 296 F.R.D. at 328–29 (quoting In re Linerboard Antitrust Litig., 237 F.R.D. 373, 381 (E.D. Pa. 2006)). Thus, the

"work product protection extends to both tangible and intangible work product." In re Cendant Corp. Sec. Litig., 343 F.3d at 662. Furthermore, "the doctrine protect[s] material prepared by agents for the attorney as well as those prepared by the attorney himself." Nobles, 422 U.S. at 238-39, 95 S. Ct. at 2170; see also In re Cendant Corp. Sec. Litig., 343 F.3d at 665 ("Litigation consultants retained to aid in witness preparation may qualify as non-attorneys who are protected by the work product doctrine.").

As a preliminary matter, it is not disputed that Trobe is an agent of counsel for the defendant, and therefore any fact work product he created in anticipation of the current litigation is protected. However, the plaintiff contends that the information sought from Trobe "does not fall within the boundaries of attorney work-product doctrine," since the plaintiff is seeking to explore the content of Trobe's communications to third parties. (Doc. 144, at 31 (quoting McSparran v. Commonwealth of Pennsylvania, No. 1:13-CV-1932, 2016 WL 687992, at *2 (M.D. Pa. Feb. 18, 2016)). Thus, in regard to the first category of work-product protection, fact work product, the plaintiff disclaims any intention to seek any documents or other tangible materials from Trobe. As for the second category of work product, opinion work product, the plaintiff asserts that he only wishes to determine the facts surrounding Trobe's conduct and communications with third party witnesses, and does not seek any information regarding defense counsel's

mental impressions or legal strategy. (Doc. 144, at 31.) As to this narrow category of information, while denying that any improper communication in fact ever occurred, the defendant concedes that "an investigator's intimidation of a witness would not be afforded work product protection." (Doc. 147, at 7.)

We emphatically do not make any findings of any inappropriate conduct in this matter, but conclude that the plaintiff has made a sufficient showing to entitle the plaintiff to undertake a narrow line of questioning specifically designed to determine whether Trobe engaged in inappropriate conduct or coercion of the non-party witnesses, which does not run afoul of the work-product doctrine. See Phillips Electronics North America Corp. v. Universal Electronics, Inc., 892 F. Supp. 108, 110 (D. Del. 1995) ("[P]laintiff may not rely on Rule 26(b)(3) or claims of work product as a basis for refusing to respond to discovery requests seeking the disclosure of non-privileged facts."). This determination is consistent with the conclusions reached by other courts that have weighed a party's desire to inquire into the facts surrounding an investigation against the needs of the work-product doctrine. See McSparran, 2016 WL 687992; Onwuka v. Federal Express Corp., 178 F.R.D. 508, 515 (D. Minn. 1997).[2]

---

[2] Although the defendant correctly points out that McSparran did not squarely address the Third Circuit's holding in In re Cendant Corp. Sec. Litig., we find that the facts of In re Cendant Corp. Sec. Litig. are distinguishable from the facts in McSparran and the case at bar. The party seeking discovery in In re Cendant Corp. Sec. Litig. desired to learn the substance of a conversation between the opposing

7

In the alternative, the defendant contends that the plaintiff's desired inquiry into Trobe's conduct is not discoverable because the plaintiff has failed to muster any evidence supporting the allegation of witness intimidation. The plaintiff, on the other hand, contends that the questioning of Trobe as to his interactions with and potential intimidation of non-party witnesses is relevant to: (1) the jury's understanding and evaluation of the witnesses' testimony; and (2) the consciousness of guilt or wrongdoing by the defendant. (Doc. 144, at 23-24.) In support of this claim, the plaintiff argues that Trobe attempted to influence the testimony of E.J. by informing him that he likely will be contacted by the police and by advising him to retain an attorney. (Doc. 144, at 20-22, 28.) The plaintiff further alleges that Trobe made these statements with the intention of intimating that E.J. could be in legal trouble, which affected E.J.'s deposition testimony. (Doc. 144, at 28.) Likewise, the plaintiff asserts that Trobe was "persistent" in arranging a meeting with G.M. prior to G.M.'s deposition, and attempted to dictate the wording of a written statement from G.M. (Doc. 144, at 8-9, 30.) While nothing in our decision should be construed in any way as suggesting an opinion

---

party's legal consultant and employee that discussed mental impressions and case strategy, thus clearly falling within the realm of opinion work product. 343 F.3d at 667. Here, on the other hand, the defendant does not allege that Trobe ever discussed case strategy with the non-party witnesses and this court finds that it is possible for the plaintiff to engage in a narrow line of questioning about Trobe's conduct and communication with third party witnesses without infringing on opinion work product.

on the ultimate merits of these allegations, and we acknowledge that these allegations against Trobe may well be subject to reasonable alternative explanations, at the discovery stage of this litigation we find that the plaintiff has made a sufficient threshold showing to warrant a narrowly tailored line of inquiry into this area.

Given the broad scope of discovery espoused in Rule 26, the court concludes that the plaintiff should be permitted to depose Trobe on the narrow issue of his alleged attempts to influence the non-party witnesses' testimony. See Fed. R. Civ. P. 26(b)(1). However, the court reminds both parties that Trobe "is not required to supply counsel's view of the case, identify the facts which counsel considers significant, or the specific questions asked by [Trobe] during the investigation … as this type of information would fall under the category of mental impressions which are protected under Rule 26(b)(3)." Eoppolo v. Nat'l R.R. Passenger Corp., 108 F.R.D. 292, 294 (E.D. Pa. 1985).

Having addressed the merits of this particular discovery dispute, we now turn to a logistical concern. This case involves matters of great significance to all parties and accordingly has on occasion inspired great passions. In some instances, those passions have spilled over to deposition practice and we have been called upon to mediate deposition disputes long-distance by telephone. This process can

be an inefficient way of resolving discovery disputes that arise in the midst of a dynamic situation, the give-and-take of a deposition.

Fortunately we have a means at our disposal to assist the parties on this score. "The court has considerable discretion in determining the place of a deposition." Philadelphia Indem. Ins. Co. v. Fed. Ins. Co., 215 F.R.D. 492, 495 (E.D. Pa. 2003). See Aerocrine AB v. Apieron Inc., 267 F.R.D. 105, 108 (D. Del. 2010) ("district courts have great discretion in designating the location of a deposition, 'and thus each application must be considered on its own facts and equities.' South Seas Catamaran, Inc. v. The Motor Vessel "Leeway," 120 F.R.D. 17, 21 (D.N.J.1998)."). Exercising this discretion we will direct the parties that, if they anticipate any substantive disputes regarding the proper scope of this deposition, the deposition should take place at the United States Courthouse, Harrisburg, Pennsylvania, so we may be readily available to address and resolve and discovery questions.

An appropriate order follows.

### III. Order

AND NOW, this 6th day of October, 2017, IT IS ORDERED that the motion to quash the subpoena served upon Gary Trobe, (Doc. 136), is DENIED. The plaintiff may depose Trobe on the narrow issue of whether Trobe attempted to intimidate or influence the testimony of non-party witnesses E.J., G.M., and

Massachusetts State Police Detective Matthew Cosgrove. This order is entered without prejudice to the defendant's ability to file a later motion *in limine* after the close of discovery in the event that the defendant believes that the plaintiff's questioning of Trobe impermissibly delves into opinion work product, or is otherwise inadmissible. IT IS FURTHER ORDERED that, if the parties anticipate any substantive disputes regarding the proper scope of this deposition, the deposition of Trobe shall take place at the U.S. Courthouse, 228 Walnut Street, Harrisburg, PA. The parties are instructed to contact Courtroom Deputy Kevin Neary to arrange a date and time to conduct the deposition.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
