# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| R.D., | : | No. 3:16cv1056 |
|     Plaintiff | : | |
| | : | (Judge Munley) |
|   v. | : | (Magistrate Judge Carlson) |
| | : | |
| SHOHOLA CAMP GROUND AND RESORT, | : | |
| | : | |
|     Defendant | : | |

## **MEMORANDUM**

Before the court for disposition is the defendant's appeal to a discovery order issued by The Honorable Martin C. Carlson, U.S. Magistrate Judge, regarding the defendant's motion to quash a subpoena served by the plaintiff upon the defendant's private investigator. This matter has been fully briefed and is ripe for disposition.

**Background**

On June 3, 2016, Plaintiff R.D. brought claims of battery, negligence, and negligent hiring and supervision in connection with an incident of alleged sexual abuse which occurred while the plaintiff, who was a minor child at the time, was participating in a camping excursion conducted by Defendant Shohola Camp Ground and Resort. The plaintiff alleges that another camper, identified in this litigation as N.S., sexually assaulted the plaintiff during this camping excursion. It is further alleged that N.S. may have had inappropriate sexual contact with two

other minors, G.M. and E.J., who shared a tent with the plaintiff and N.S during this time. G.M. and E.J. are not parties to this lawsuit.

This matter was referred to Magistrate Judge Carlson for pretrial management and resolution of discovery disputes on March 7, 2017. (Doc. 63). On July 19, 2017, the defendant filed a motion to quash a subpoena to appear and testify at a deposition issued by the plaintiff to Gary Trobe, the defendant's private investigator. (Doc. 136). The defendant argued that the subpoena necessarily invaded the work-product doctrine. The parties respectively briefed the motion, and on October 6, 2017, Magistrate Judge Carlson issued an order denying the defendant's request. (Doc. 149).

The defendant appealed the ruling of Magistrate Judge Carlson on October 20, 2017. (Doc. 151). The plaintiff filed a brief in opposition to the defendant's appeal on November 13, 2017. (Doc. 158).

**Legal Standard**

The standard of review for a magistrate judge's order on a non-dispositive motion is to determine if the magistrate judge's ruling was clearly erroneous or contrary to law. 28 U.S.C. 636(b)(1)(A). The Supreme Court has held that a finding is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S.

364, 395 (1948). "[A] Magistrate Judge's ruling is contrary to law if 'the Magistrate Judge misinterpreted or misapplied the applicable law.' " Kendricks v. Hertz Corp., Civ. No. 2005-0164, 2008 WL 3914135, at *2 (D.V.I. Aug. 18, 2008) (citation omitted). "The party who filed the appeal bears the burden of establishing that the magistrate judge's decision is clearly erroneous or contrary to law." Control Screening, LLC v. Integrated Trade Sys., Inc., Civ. No. 10-499, 2011 WL 3417147, at *6 (D.N.J. Aug. 3, 2011).

**Discussion**

The issue before us stems from the plaintiff's desire to depose Gary Trobe, the defendant's private investigator, concerning his interactions with E.J. and G.M., the two minor children who shared a tent with the plaintiff and N.S. during the camping excursion, as well as Trobe's interactions with Massachusetts State Police Detective Matthew Cosgrove. The plaintiff believes that Trobe may have engaged in inappropriate conduct or coercion of these witnesses throughout these proceedings.

As noted above, the defendant filed a motion to quash a subpoena issued to Trobe to appear and testify at a deposition, arguing that any testimony he could possibly give is protected work-product. Magistrate Judge Carlson, the magistrate judge assigned to handle all pretrial discovery in this case, denied the defendant's motion to quash, finding that the plaintiff "had made a sufficient

showing to entitle the plaintiff to undertake a narrow line of questioning specifically designed to determine whether Trobe engaged in inappropriate conduct or coercion of the non-party witnesses, which does not run afoul of the work-product doctrine." (Doc. 149 at 7).

The defendant now appeals the magistrate judge's ruling, contending that the decision is clearly erroneous, once again arguing that any questioning of Trobe will necessarily invade work-product privilege. In response, the plaintiff contends that the purpose of the deposition is not to obtain Trobe's written reports or statements, rather plaintiff seeks the facts surrounding Trobe's interactions with, statements to, and believed intimidation of these non-party witnesses. Such facts are not protected by the work-product privilege, according to the plaintiff.

After careful consideration, we will affirm the ruling of Magistrate Judge Carlson, and deny the defendant's motion to quash. A review of the record reveals that the parties both agree that the work-product privilege doctrine, as set forth in Federal Rule of Civil Procedure 26(b)(3), protects "documents and tangible things that are prepared in anticipation of litigation." The purpose of the doctrine is to "shelter the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." In re Cendant Corp. Sec. Litig., 343 F.3d 658, 661-662 (3d Cir. 2003). As such, "opinion work

product, 'which consists of mental impressions, conclusions, opinions, or legal theories of an attorney, is [also] afforded almost absolute protection' and it 'is discoverable only upon a showing of rare and exceptional circumstances.'" Dempsey v. Bucknell Univ., 296 F.R.D. 323, 328-29 (M.D. Pa. 2013) (quoting In re Linerboard Antitrust Litig., 237 F.R.D. 373, 381 (E.D. Pa. 2006)).  Notably, as addressed by Magistrate Judge Carlson, the parties further agree that an investigator's intimidation of a witness would not be afforded work-product protection.

For the last year, Magistrate Judge Carlson has diligently and closely managed the numerous discovery disputes in this litigation and has developed a keen familiarity with the legal and factual issues involved. Using his discretion and guided by the facts presented to him by the parties, Magistrate Judge Carlson found that the plaintiff made a sufficient threshold showing of possible witness misconduct or coercion. With this in mind, and consistent with decisions reached by other courts on very similar issues[1], Magistrate Judge Carlson concluded that so long as the plaintiff does not intend to seek any documents or other tangible materials from Trobe, and only intends to determine the facts surrounding Trobe's conduct and communications with third-party witnesses, and

---

[1] See McSparran v. Commonwealth of Pennsylvania, No. 1:13-CV-1932, 2016 WL 687992, at *2 (M.D. Pa. Feb. 18, 2016); Onwuka v. Federal Express Corp., 178 F.R.D. 508, 515 (D. Minn. 1997).

5

does not seek any information regarding defense counsel's mental impressions or legal strategy, plaintiff may depose Trobe without violating the work-product doctrine. We find that the magistrate judge formed his conclusion after thoroughly reviewing the positions of both parties, considering applicable law, and using his discretion.

**Conclusion**

For the forgoing reasons, we find that the defendant has failed to demonstrate that the ruling of Magistrate Judge Carlson was clearly erroneous. As such, we will affirm the ruling of Magistrate Judge Carlson, and deny the defendant's motion to quash. An appropriate order follows.

**BY THE COURT:**

**Date: April 24, 2018**  **s/ James M. Munley_____**
**JUDGE JAMES M. MUNLEY**
**United States District Court**