# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| R.D., | : | Civil No. 3:16-CV-1056 |
| | : | |
| Plaintiff | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| SHOHOLA CAMP GROUND | : | |
| AND RESORT, | : | |
| | : | |
| Defendant | : | |

## MEMORANDUM ORDER

### I. Factual Background

This case involves allegations of battery, negligence and negligent hiring and supervision in connection with an episode of alleged sexual abuse which occurred in 2007 when the then-minor plaintiff, R.D., was participating in a camping excursion conducted by the defendant. In the course of this excursion it is alleged that another camper, identified as N.S., sexually assaulted the plaintiff, and may have had inappropriate sexual contact with two other minors who shared a tent with the plaintiff and N.S. during this excursion. These two other minors are identified in these proceedings as G.M. and E.J.

1

On March 7, 2017, this matter was referred to the undersigned for pretrial management and resolution of discovery disputes. Since that time we have addressed numerous discovery disputes between these parties. One of these discovery issues related to a dispute concerning the extent to which the plaintiff's counsel may have waived the work-product privilege with respect to an investigative interview which the plaintiff's private investigator conducted with E.J. on February 24, 2017.

We resolved this issue in an order which directed the disclosure of only those portions of the interview of E.J. which provided a complete background, and context on E.J.'s recollection of the events that allegedly transpired in the tent shared by these boys some ten years ago in 2007. (Doc. 91.) We now are invited to discuss the implications of this ruling in the context of a discovery dispute relating to the plaintiff's damages expert witness, Dr. Pittman. This dispute is thoroughly outlined in the parties' correspondence, (Docs. 184, 188 and 189), but the essential facts are as follows:

During a recent deposition of Dr. Pittman, the doctor testified that he received a complete transcript of the investigative interview with E.J., which included both the materials which we ordered released, as well as other privileged information which we did not order released. While Dr. Pittman acknowledged having access to this entire transcript, the parties agree that the doctor testified that

this transcript played absolutely no role whatsoever in the formulation of his expert opinion and testimony.

While the parties assure us that this factual background is undisputed, they dispute the degree to which the entire interview transcript must now be disclosed, with the defendant insisting that full disclosure of this information is now required under Rule 26(b), and the plaintiff arguing that as to this expert witness only materials relied upon by the expert must be disclosed. Since Dr. Pittman has testified that he placed no reliance on this interview in formulating his testimony and opinions, the plaintiff contends that disclosure of the interview in its entirety is not required.

For the reasons set forth below, we agree that further disclosure of this interview in its entirety is not necessary simply because it was provided to Dr. Pittman given the undisputed fact that the transcript played no role in the doctor's testimony or opinions.

**II. Discussion**

Issues relating to the proper scope and nature of discovery rest in the sound discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). A court's decisions regarding the conduct of discovery, therefore, will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez

v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

This discretion extends to resolution of questions regarding the application of the work product privilege. "The work-product doctrine is embodied within Rule 26(b)(3) of the Federal Rules of Civil Procedure, which provides that 'a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial' unless otherwise discoverable or a party shows substantial

need for the material. Fed.R.Civ.P. 26(b)(3). The doctrine is, in essence, a recognition that a lawyer requires a 'certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel.' Hickman v. Taylor, 329 U.S. 495, 511, 67 S.Ct. 385, 91 L.Ed. 451 (1947). The doctrine thus is intended 'to protect material prepared by an attorney acting for his client in anticipation of litigation.' United States v. Rockwell Int'l, 897 F.2d 1255, 1265 (3d Cir.1990); see also United States v. Nobles, 422 U.S. 225, 238, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975) ('At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case.')." Craig v. Rite Aid Corp., No. 4:08-CV-2317, 2012 WL 426275, at *5–6 (M.D. Pa. Feb. 9, 2012), on reconsideration in part, No. 4:08-CV-2317, 2012 WL 1079472 (M.D. Pa. Mar. 30, 2012).

As a general rule, private investigator interviews conducted on behalf of counsel in preparation of litigation are encompassed by the work product privilege. Therefore, disclosure of these interviews typically may not be compelled, provided that the witness is available to be deposed. Dempsey v. Bucknell Univ., 296 F.R.D. 323, 329 (M.D. Pa. 2013). The privilege, however, can be waived and the privilege takes flight when otherwise confidential information is disclosed in a way which constitutes a waiver of the privilege. The question before us involves defining the proper scope and dimension of any waiver which may have transpired in this case

due to the disclosure of the transcript to Dr. Pittman, even though that disclosure has played no role in the development of the doctor's expert opinion and testimony.

In addressing this issue we begin with the text of the federal rules themselves. Rule 26 (b)(4)(C) of the Federal Rules of Civil Procedure discusses the degree to which disclosure of material to expert witnesses constitutes a waiver of any privilege and compels disclosure to the opposing party, and states as follows:

> **(C)** *Trial-Preparation Protection for Communications Between a Party's Attorney and Expert Witnesses*. Rules 26(b)(3)(A) and (B) protect communications between the party's attorney and any witness required to provide a report under Rule 26(a)(2)(B), regardless of the form of the communications, *except to the extent that the communications*:
>
> **(i)** relate to compensation for the expert's study or testimony;
>
> **(ii)** identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or
>
> **(iii)** identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

Fed. R. Civ. P. 26(b)(4)(C)(emphasis added).

Thus, by its terms, Rule 26(b) codifies the familiar principle that parties: "are not entitled to wholesale discovery of the communications between [opposing] counsel and the testifying [expert] witness." Pritchard v. Dow Agro Scis., 263 F.R.D. 277, 293 (W.D. Pa. 2009). Instead, the scope of this disclosure

6

under Rule 26(b)(4)(C) is limited to those matters received by the testifying expert which: (1) constitute facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (2) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

With the scope of what must be disclosed under Rule 26(b) limited to the information considered or relied upon by the expert, the answer to the dilemma which divides the parties becomes evident. Here, the parties agree that it is undisputed that Dr. Pittman has testified that, while he received the full text of the investigative interview of EJ, that interview played absolutely no part in his expert analysis of the damages issues in this case. Since this information was not considered or relied upon by the expert, Rule 26 does not compel its disclosure, beyond the excerpts that were previously ordered disclosed, and this request for disclosure of the entire transcript will be denied.

Having resolved the principle substantive issue raised by the parties in their submissions, (Docs. 184, 188, and 189), we turn briefly to two less substantive, but procedurally significant, issues raised by the parties.

First, the parties note that there is an interlocutory appeal pending relating to one discovery order in this case. Recognizing that this appeal may potentially affect and delay dispositive motion deadlines, the parties raise this concern with

the court. We agree that this appeal may affect any dispositive motions deadline. Therefore we will vacate that dispositive motions deadline, and will order the parties to notify us once the interlocutory appeal has concluded so that a revised case management schedule can be set following the resolution of this interlocutory appeal. Of course, this order is entered without prejudice to any party filing any potentially dispositive motions at any time as the litigation progresses.

Finally, the parties presented us with a question regarding the proper venue for a deposition that the parties have scheduled for June 12, 2018. In a case marked by great divides between the parties on matters of substance, counsel agreed that the 7 miles or so that separate the two proposed depositions sites is a distance that they can bridge without further intervention by the court. We commend counsel for their cooperative efforts in this regard.

An appropriate order follows:

### III. <u>Order</u>

For the reasons set forth in the accompanying Memorandum, we agree that further disclosure of the investigative interview of E.J. in its entirety is not necessary simply because it was provided to Dr. Pittman given the undisputed fact that the transcript played no role in the doctor's testimony, and the request for disclosure of this interview in its entirety is DENIED.

IT IS FURTHER ORDERED that the dispositive motions deadline in this case is VACATED and the parties are ORDERED to notify us once the interlocutory appeal has concluded so that a revised case management schedule can be set following the resolution of this interlocutory appeal. Of course, this order is entered without prejudice to any party filing any potentially dispositive motions at any time as the litigation progresses.[1]

So ordered this 24th day of May, 2018.

*S/ Martin C. Carlson*
MARTIN C. CARLSON
United States Magistrate Judge

---

[1] The parties' correspondence (Docs. 184, 188, 189) also raised questions regarding materials examined and relied upon by another expert, Dr. Loftus, but we understand the parties are in agreement that those materials, which were relied upon by the expert, are subject to disclosure under Rule 26(b)(4)(C).