# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| "R.D.," | : | Civil No. 3:16-CV-01056 |
| Plaintiff, | : | |
| v. | : | (Magistrate Judge Carlson) |
| SHOHOLA, INC., | : | |
| Defendant. | : | |

## MEMORANDUM OPINION AND ORDER

**I.      Statement and Facts of the Case**

The plaintiff, "R.D.," commenced this action on June 3, 2016, alleging that the defendant, Shohola, Inc., is liable to him for the injuries he incurred when he was sexually assaulted on one of the defendant's overnight camping trips. The second amended complaint asserts claims of negligence, negligent supervision, battery, and negligence *per se*, and seeks compensatory and punitive damages, as well as attorney's fees, for the physical and emotional harm the plaintiff suffered. (Doc. 27).

Following roughly two years of discovery in this case, the defendant filed a motion for summary judgment. (Doc. 202). This court granted the motion with respect to the plaintiff's negligent supervision, battery, and negligence *per se*

claims, but denied the motion with respect to the direct negligence claim. (Doc. 230). We concluded that Shohola had a general duty of care to adequately protect and supervise its minor campers under the Restatement (Second) of Torts §§ 314A and 315, given the relationship between the campers and the camp.

Now, in anticipation of trial, the defendants have filed the instant motion *in limine* to bar the testimony of the plaintiff's expert, Hal Pugach. (Doc. 204). Mr. Pugach is an attorney, and has also been certified by the American Camp Association ("ACA") as a director of an overnight camp for over twenty years. (Doc. 214, Ex. H., at 1). In his report, Mr. Pugach opined that Camp Shohola had a duty to protect and maintain the health, safety, and welfare of the campers entrusted to its care. (Id., at 4). In essence, his report concludes that, based on his experience as a camp director, Camp Shohola's lack of supervision on the Cape Cod trip was not in accordance with camping industry practices, the ACA guidelines, or the camp's own policies, which included separating campers into cabins or tents based on appropriate age groups. He surmises that adequate and appropriate supervision of the minor campers would have prevented a sexual assault of one camper by another.

The defendant has objected to Mr. Pugach's testimony on several grounds: First, Shohola argues that the testimony does not speak to something that requires "special knowledge"; second, according to Shohola the testimony is unreliable and

based on Mr. Pugach's subjective beliefs; and third, Shohola contends that Mr. Pugach's testimony includes legal opinions and misstatements of the law. (Doc. 204-1). The plaintiff argues that Mr. Pugach is qualified to testify based on his years of experience as an ACA camp director, that he is speaking to the industry practices and standards of camping, and that he is not rendering any legal conclusions in his testimony. (Doc. 210).

For the reasons set forth below, this motion *in limine* will be denied, but at trial we will exercise appropriate control over the testimony of this witness to ensure that any opinion testimony offered does not intrude upon the function of the court to instruct the jury regarding the applicable law.

## II. <u>Discussion</u>

In considering a motion *in limine* which seeks to preclude testimony prior to trial, we are mindful of the fact that Rule 401 of the Federal Rules of Evidence defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Rule 403 of the Federal Rules of Evidence places limits on the introduction of otherwise relevant evidence, providing that:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading

3

> the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403. The Third Circuit has cautioned that "pretrial Rule 403 exclusions should rarely be granted. . . . Excluding evidence as being more prejudicial than probative at the pretrial stage is an extreme measure that is rarely necessary, because no harm is done by admitting it at that stage." In re Paoli R. Yard PCB Litig., 916 F.2d 829, 859 (3d Cir. 1990); see also Spain v. Gallegos, 26 F.3d 439, 453 (3d Cir. 1994) (noting that the Third Circuit's "cautious approach to Rule 403 exclusions at the pretrial stage . . . ."). Moreover, the Third Circuit has characterized Rule 403 as a "trial-oriented rule" such that "[p]recipitous Rule 403 determinations, before the challenging party has had an opportunity to develop the record, are . . . unfair and improper." In re Paoli R. Yard PCB Litig., 916 F.2d at 859. However, "[a] trial court is afforded substantial discretion when striking a Rule 403 balance with respect to proffered evidence, and a trial judge's decision to admit or exclude evidence under [Rule] 403 may not be reversed unless it is arbitrary and irrational." McKenna v. City of Philadelphia, 582 F.3d 447, 461 (3d Cir. 2009).

In the instant case, the motion this motion *in limine* seeks to exclude the testimony of a proffered expert witness, Hal Pugach. The admissibility of expert testimony is governed by Federal Rule of Evidence 702. Daubert v. Merrell Dow

4

Pharms., Inc., 509 U.S. 579, 588-89, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). That rule provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if
>
> (1) the testimony is based upon sufficient facts or data,
> (2) the testimony is the product of reliable principles and methods, and
> (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. The guidelines set forth in the rule constitute a "trilogy of restrictions on expert testimony: qualification, reliability and fit." Calhoun v. Yamaha Motor Corp., U.S.A., 350 F.3d 316, 321 (3d Cir. 2003). Under the Federal Rules of Evidence, a trial judge acts as a "gatekeeper" to ensure that "any and all expert testimony or evidence is not only relevant, but also reliable." Kannankeril v. Terminix Int'l, Inc., 128 F.3d 802, 806 (3d Cir.1997) (citing Daubert, 509 U.S. at 589).

An expert need not have formal qualifications in order to testify as an expert witness; "a broad range of knowledge, skills, and training qualify an expert as such." In re Paoli R.R. Yard PCB Litigation, 35 F.3d 717, 741 (3d Cir. 1994). However, as the Court of Appeals for the Third Circuit has stated, "the level of expertise may affect the reliability of the expert's opinion." Id. Furthermore, the

Rule requires this court to determine "whether there is an adequate 'fit' between an expert's opinions and the facts at issue" in the case. Soldo v. Sandoz Pharmaceuticals Corp., 244 F.Supp.2d 434, 562 (W.D. Pa. 2003).

Notwithstanding the restrictions on the admissibility of expert testimony, the Rules of Evidence embody a strong preference for admitting any evidence that may assist the trier of fact. Id.; see also Fed. R. Evid. 401 (defining "relevant evidence," all of which is generally admissible, to mean "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"). In keeping with this policy, "Rule 702, which governs the admissibility of expert testimony, has a liberal policy of admissibility." Pineda v. Ford Motor Co., 520 F.3d 237, 243 (3d Cir. 2008) (quoting Kannankeril, 128 F.3d at 806).

Mr. Pugach's report contains his opinions regarding the defendant's alleged failure to exercise adequate care and supervision on the Cape Cod Trip. He opines that younger campers, like R.D., should not have been placed in a tent or cabin with older campers, like N.S. (Doc. 214, Ex. H, at 24). He relies on the ACA Guidelines, which require age-appropriate determinations for campers, as well as customary industry standards and the defendant's own policy of separating campers by age group. (Id.) Additionally, Pugach relies on Shohola's Standard

6

Operating Procedures Manual for his contention that Shohola did not follow its own supervision ratios. (Id., Ex. K, at 65).

We conclude that Mr. Pugach is qualified to give his expert opinion, that his opinion is reliable, and that the opinion "fits" the facts at issue in the instant case. First, Mr. Pugach has specialized knowledge based on his twenty-plus years of experience as an ACA camp director. He has been the Executive Director of Camp Louemma in Sussex, New Jersey, since 1996. (Doc. 214, Ex. H, at 1). In this capacity, he has established and implemented camp policies, practices and procedures in accordance with the ACA and camping industry standards. (Id.) He also is responsible for training and supervising his own camp staff and campers. (Id.) Mr. Pugach is familiar with the ACA Guidelines and practices, as he employs those guidelines and practices in his own camp. (Id.) Contrary to the defendant's argument, Mr. Pugach is not testifying as to how a reasonable parent would supervise his or her child. (Doc. 204-1, at 3). Rather, he is testifying regarding industry standards of care as to how a camp is supposed to supervise its campers, based on his expertise and experience in supervising campers as a camp director. On this score, Pugach has demonstrated specialized knowledge that qualifies him to testify in the area of camping standards, which will assist the trier of fact with respect to the issue of whether Camp Shohola breached the duty it owed to its campers.

We also find that Pugach's opinion meet the level of reliability prescribed by law. The defendant argues that Pugach's opinion regarding the separation of campers has no basis and is based on Pugach's subjective belief, and is therefore unreliable. (Doc. 204-1, at 3). However, Mr. Pugach explicitly states that the ACA Guidelines require the camp to make age-appropriate determinations with its campers, and to supervise the campers adequately. (Doc. 214, Ex. I, at 2). He explains that the ACA is an organization that is run by camp professionals, and is the only organization that accredits camps. (Id., Ex. H, at 7). The ACA's purpose is to educate camp directors on the key aspects of camp operation, including the quality and health of campers. (Id.) Pugach points to Camp Shohola's own policy of dividing its campers by age group for his opinion that younger campers need to be separated from older campers. (Id.) Duncan Barger testified that he tries to "meet or exceed" the standards set forth by the ACA, including the camper-to-counselor ratios, as Camp Shohola is an accredited camp. (Id., Ex. E, at 125-27). Further, as the plaintiff points out, the defendant's own expert, Richard Braschler, also relied in part on the ACA Guidelines and "customary practice" in forming his opinion on the same issues. (Id., Ex. R). Pugach points to several ACA Guidelines, as well as standards that are customarily known in the camping industry, an industry that he has been a part of for over twenty years. Thus, we find that

Pugach's opinion, based in part on the ACA Guidelines and in part on his own experience as a camp director, meets the reliability requirement of Rule 702.

Lastly, Mr. Pugach's opinion "fits" the facts at issue in this case. Because we have already determined that Shohola had a duty to adequately supervise and protect its campers, the negligence claim turns on whether there was a breach of that duty. Mr. Pugach's testimony regarding the standards of the camping industry compared to the standards Camp Shohola actually followed on the Cape Cod trip will help to assist the trier of fact in determining whether or not Shohola breached its duty to its campers. See Watts v. Hollock, 2011 WL 6026998, at *4 n.3 (M.D. Pa. Dec. 5, 2011) (citing Birt v. Firstenergy Corp., 891 A.2d 1281, 1290 (Pa. Super. Ct. 2006) ("evidence of industry standards and regulations is generally relevant and admissible on the issue of negligence")). Therefore, we conclude that Mr. Pugach meets the three requirements under Rule 702, and he will be permitted to offer his expert testimony at trial.

Having reached this conclusion generally regarding the admissibility of Mr. Pugach's testimony, we acknowledge, however, one concern voiced by the defendant which we believe may be addressed at trial. Noting that Mr. Pugach is by training both an attorney and a camp director, and citing some of the language of his report, the defendant voices a fear that Mr. Pugach may endeavor to erroneously instruct the jury on legal matters. It is beyond dispute that it is the

9

exclusive province of the court to instruct a jury on the applicable law and we will remain mindful of the concerns voiced by Shohola during the testimony of this witness. Those concerns, however, may be addressed at trial through properly framed questions, objections, and instructions to the jury. They do not, in our view, mandate the exclusion of what is otherwise appropriate testimony.

## III. Order

For the foregoing reasons, the defendant's motion *in limine* relating to the testimony of Hal Pugach, (Doc. 204), is DENIED.

So ordered this 14th day of November, 2018.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge