# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| "R.D.," | : | Civil No. 3:16-CV-01056 |
| Plaintiff, | : | |
| v. | : | (Magistrate Judge Carlson) |
| SHOHOLA, INC., | : | |
| Defendant. | : | |

## MEMORANDUM OPINION AND ORDER

### I. Statement and Facts of the Case

The plaintiff, "R.D.," commenced this action on June 3, 2016, alleging that the defendant, Shohola, Inc., is liable to him for the injuries he incurred when he was sexually assaulted on one of the defendant's overnight camping trips. The second amended complaint asserted claims of negligence, negligent supervision, battery, and negligence *per se*, and sought compensatory and punitive damages, as well as attorney's fees, for the physical and emotional harm the plaintiff suffered. (Doc. 27).

Following roughly two years of discovery in this case, the defendant filed a motion for summary judgment. (Doc. 202). This court granted the motion with respect to the plaintiff's negligent supervision, battery, and negligence *per se* claims, but denied the motion with respect to the direct negligence claim. (Doc. 230). We concluded that Shohola had a general duty of care to adequately protect and

supervise its minor campers under the Restatement (Second) of Torts §§ 314A and 315, given the relationship between the campers and the camp.

Given the nature of these longstanding claims, which entail alleged psychological injuries stemming from sexual trauma, the issue of R.D.'s mental health and treatment has been a central concern throughout this litigation, and the parties have amassed considerable medical and psychiatric evidence relating to R.D.'s on-going mental health treatment. Now, in anticipation of trial, the defendant has filed the instant motion *in limine* to preclude the use of, or any reference to, the plaintiff's most recent mental health treatment records, which were disclosed to the defendant on July 26, 2019 and detail psychiatric treatment that R.D. received from August 2018 until May 2019. Shohola contends that it has been prejudiced by the late disclosure of these records, and thus, the plaintiff should be barred from using these records in any way at trial. For the plaintiff's part, counsel contends that the defendant has not been prejudiced or surprised by these records which simply confirm R.D.'s on-going treatment, and that the late disclosure of the records was not intended to mislead or surprise the defendant.

In our view, these records, which were received by the defense in July of 2019, simply confirm what all parties already knew, that R.D. was receiving on-going mental health treatment. Recognizing that the remedy of preclusion of evidence is an extreme sanction reserved for the most grace of discovery abuses, after

2

consideration, and for the reasons set forth below, we find that the plaintiffs should be permitted to use these records, and we will deny the defendant's motion, but upon request will consider providing the defense the opportunity to depose these treatment providers.

## II.  Discussion

Shohola contends that the plaintiff should be precluded from using the treatment records because he has failed to comply with the discovery mandates in Federal Rule of Civil Procedure 26(a). Rule 26(a)(1)(A)(ii) states that:

> [A] party must, without awaiting a discovery request, provide to the other parties: . . . a copy--or description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment[.]

Fed. R. Civ. P. 26(a)(1)(A)(ii). In addition, Rule 26(e) provides that a party must supplement its initial disclosures under Rule 26(a) "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

In the same vein, Rule 37(c)(1) provides that if a party "fails to provide information or identify a witness as required in Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence . . . at trial, unless the failure

3

was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). The burden is on the non-producing party to prove substantial justification or that its failure to produce was harmless. U.S. Fire Ins. Co. v. Omnova Solutions, Inc., No. 10–1085, 2012 WL 5288783, at *2 (W.D. Pa. Oct. 23, 2012).

The Third Circuit Court of Appeals has set forth several factors for courts to consider when deciding whether the exclusion of evidence is an appropriate sanction: "(1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or wilfulness in failing to comply with a court order or discovery obligation." Nicholas v. Pennsylvania State University, 227 F.3d 133, 148 (3d Cir. 2000) (citing Konstantopoulos v. Westvaco Corp., 112 F.3d 710, 719 (3d Cir. 1997)). The Court has supplemented this list of factors to include: "(5) 'the importance of the excluded testimony' and (6) the party's explanation for failing to disclose." Dzielak v. Whirlpool Corp., 2017 WL 1034197, at *29 (D.N.J. Mar. 17, 2017) (citing Konstantopoulos, 112 F.3d at 719). However, we are reminded that "the exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence."

Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 905 (3d Cir. 1977) (internal citations omitted); Dzielak, 2017 WL 1034197, at *29.

In the instant case, we find that a consideration of the factors set forth by the Court of Appeals weighs against the exclusion of these medical treatment records. At the outset, we cannot overlook the importance of the evidence to the plaintiff. The plaintiff's ongoing mental health treatment is undoubtedly relevant to the harm he claims he suffered from the alleged assault that took place at the defendant's overnight camp. Moreover, these records consist of only nineteen pages of notes from the providers at New York Psychiatric Services ("NYPS"), which the plaintiff has indicated were disclosed to confirm the nature of the ongoing psychiatric treatment the plaintiff is undergoing. (Doc. 278, at 9). The plaintiff has not raised any new claims or moved to supplement any of his expert reports based on these treatment records, and instead merely asserts that these records are being used for the sole purpose of showing that R.D. has continued to undergo psychiatric treatment in the years following the assault.

Additionally, and more significantly, we cannot conclude that the late disclosure of these records surprised or unduly prejudiced the defendant. Indeed, as the plaintiff points out, Dr. Pitman provided reports in November 2017 and March 2018. The 2017 report opines that the plaintiff should continue "an ongoing psychotherapeutic relationship with a provider competent in treating" the plaintiff's

mental health issues. (Doc. 281, at 4). In March 2018, Dr. Pitman noted that the plaintiff "will be moving to New York soon, and would prefer to find a therapist there." (Id., at 9). Thus, it is evident that the defendant was aware of the ongoing nature of the plaintiff's mental health treatment. See Bieber v. Nace, 2012 WL 727631, at *3 (M.D. Pa. Mar. 6, 2012) (finding that any prejudice the defendant suffered as a result of late-submitted medical testimony concerning the plaintiff's ongoing treatment was minimal, given the other evidence that indicated that the plaintiff would need ongoing treatment). In assessing the prejudice which might flow from this late disclosure, we also observe that these records were received by the defense in July of 2019, nearly five months before the scheduled trial of this case. Thus, the defense has had ample opportunity to consider the relevance of these 19 pages of treatment records

Finally, we can discern no willfulness or bad faith on the part of the plaintiff concerning the disclosure of these records in July of 2019, months prior to the trial of this case. As we have stated, important evidence should be excluded only upon a showing of "willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." Meyers, 559 F.2d at 905 (internal citations omitted). Moreover,

> The Third Circuit has made clear that in the context of discovery sanctions, willfulness and bad faith "involve[ ] intentional or self-serving behavior." Adams, 29 F.3d at 875. By contrast, an attorney's "negligent behavior" or "failure to move with ... dispatch"—even if

"inexcusable"—will not suffice to establish willfulness or bad faith. Id. (citing Donnelly v. Johns–Manville Sales Corp., 677 F.2d 339, 342 (3d Cir. 1982)).

Bowers v. National Collegiate Athletic Ass'n, 564 F.Supp.2d 322, 340 (D.N.J. 2008).

Here, the plaintiff candidly concedes that it would have been ideal to disclose the records at an earlier time. (Doc. 278, at 2). However, counsel initially notes that they were unaware of the plaintiff's treatment at NYPS at the time treatment began in August 2018. Moreover, counsel contends that, "[t]hroughout 2018 and 2019, the focus of this complex and fiercely contested litigation shifted to issues other than damages, such as the deposition of Defendant's investigator . . . and the parties' motions to preclude certain expert testimony." (Id., at 6). Thus, even if the plaintiff's counsel can be considered negligent for failing to disclose these documents at an earlier time, this does not suffice to establish the bad faith required for the exclusion of evidence. Rather, by their own admission, it is clear that counsel was subsumed in other aspects of this litigation, such as the Trobe deposition and the motions to preclude expert testimony. Accordingly, we cannot conclude that there was any willfulness or bad faith on the part of the plaintiff or his counsel in the late submission of these medical treatment records.

In sum, we conclude that the plaintiff should be permitted to use the NYPS treatment records at trial for the very limited purpose of confirming R.D.'s on-going

mental health treatment, even though they were submitted late. The defendants have not shown how they would be prejudiced by information concerning the plaintiff's ongoing mental health treatment, particularly because the plaintiff has not asserted any new claims or moved to supplement his expert reports based on these records. Rather, it is clear that the defendants were aware that the plaintiff would be continuing treatment, although no specific providers were identified. Further, the disclosure of this information nearly five months prior to trial in our view minimizes any undue prejudice to the defense arising from the release of these 19 pages of treatment notes. Given that we have found no undue prejudice to the defendants which cannot be cure by other means, and that we have concluded there was no willfulness, bad faith, or flagrant disregard on the part of the plaintiff concerning the late disclosure of these records, we will not exclude these records under Rule 37.[1]

      An appropriate order follows.

---

[1] We recognize that the defendant has raised concerns regarding the inability to take depositions of the plaintiff's providers at NYPS. (Doc. 272-1, at 9). While we question the necessity of depositions of these providers given the seemingly cumulative nature of the treatment records, we note that the defendant would have ample time to conduct such depositions in the weeks before trial is set to begin in December and that the plaintiff reports that he would not object to those depositions. To that end, we would give consideration to any motion the defendant may file for leave to depose these providers in the upcoming weeks.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| "R.D.," | : | Civil No. 3:16-CV-01056 |
| Plaintiff, | : | |
| v. | : | (Magistrate Judge Carlson) |
| SHOHOLA, INC., | : | |
| Defendant. | : | |

## Order

For the reasons set forth in the accompanying Memorandum Opinion, the defendant's motion *in limine* seeking to bar the plaintiff's use of medical treatment records from NYPS, (Doc. 272), is DENIED.

So ordered this 23rd day of October 2019.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
