# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| "R.D.," | : | Civil No. 3:16-CV-01056 |
| Plaintiff, | : | |
| v. | : | (Magistrate Judge Carlson) |
| SHOHOLA, INC., | : | |
| Defendant. | : | |

## ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

The plaintiff, "R.D.," commenced this action on June 3, 2016, alleging that the defendant, Shohola, Inc., is liable to him for the injuries he incurred when he was sexually assaulted on one of the defendant's overnight camping trips. The parties are currently preparing for trial on the remaining negligence claims in this lawsuit. As trial approaches the parties have filed some 28 motions *in limine*, including one motion filed by the plaintiff, (Doc. 301), and 27 motions submitted by the defendant. (Docs. 302-327).

In order to prescribe an orderly process for the resolution of these motions, and aid the parties in their trial preparations, we provided the parties with some initial guidance, advising the parties that our preliminary review of these motions suggested that some motions related to matters which seemed to readily be the

subject of agreement between the court and the parties. Therefore, we instructed the parties to confer regarding the pending motions in order to identify those motions which may not require full briefing and report to the court regarding the status of these motions on November 1, 2019.

We have now received this report. (Doc. 339). In accordance with what we understand to be the agreement of the parties, and consistent with our own views of the law, IT IS ORDERED as follows:

**First**, defendant's motion *in limine* Number 2, (Doc. 303), which seeks to preclude reference at trial to settlement negotiations, is GRANTED and all parties, attorneys, witnesses, agents and anyone else are barred from discussing, mentioning, alluding or referring in any manner to settlement negotiations among the parties to this case or the absence of any settlement negotiations in this case during voir dire and before the jury at any time.

**Second**, defendant's motion *in limine* Number 6, (Doc. 307), which seeks to preclude reference to delays in this case proceeding to trial, is GRANTED and all parties, attorneys, witnesses, agents and anyone else are hereby barred from suggesting, inferring, or alluding to the jury in any way that any party delayed or sought to delay the trial in this case for any reason, including but not limited to the motion practice in this Court regarding the deposition of Gary Trobe and Shohola's appeal to the U.S. Court of Appeals for the Third Circuit regarding that deposition.

**Third**, defendant's motion *in limine* Number 12, (Doc. 314), which seeks to preclude parties from comparing plaintiff's alleged injuries to property damage of any kind, is GRANTED and all parties, attorneys, witnesses, agents and anyone else are hereby barred from are hereby barred from making any statement during jury selection, opening statements, closing argument, or any other time in the presence of the jury comparing plaintiff's alleged injuries to property damage of any kind.

**Fourth**, defendant's motion *in limine* Number 16, (Doc. 318), which seeks to prohibit the introduction, either before or during the trial of this case, of any evidence, testimony, suggestion, remark, argument, or innuendo concerning other claims and/or lawsuits against Shohola, is GRANTED and all parties, attorneys, witnesses, agents and anyone else are hereby barred from referring, either before or during the trial of this case, to any evidence, testimony, suggestion, remark, argument, or innuendo concerning other claims and/or lawsuits against Shohola.

**Fifth**, defendant's motion *in limine* Number 18, (Doc. 320), which seeks to prohibit the introduction, either before or during trial of this case and for any purpose whatsoever, of any media report in any format discussing this action, is GRANTED and all parties, attorneys, witnesses, agents and anyone else are hereby barred from referring, either before or during trial of this case and for any purpose whatsoever, of any media report in any format discussing this action.

Further, a number of these motions *in limine*, specifically motions Number 10 and 15, appear to relate, in part, the voir dire that will be conducted in this case. (Docs. 311, 317). To the extent that the motions seek to limit commentary on various matters by counsel at voir dire, the parties are advised that the court will conduct voir dire in the case drawing upon the proposed questions tendered by the parties. Therefore, these motions are DEFERRED to the extent that they prescribe the scope and nature of voir dire. Instead, all parties are instructed to tender proposed voir dire questions to the court on or before **November 14, 2019**, and these voir dire questions can be taken up at the pre-trial conference.

So ordered this 1st day of November 2019.

<u>S/Martin C. Carlson</u>
Martin C. Carlson
United States Magistrate Judge