IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| "R.D.," | : | Civil No. 3:16-CV-01056 |
| Plaintiff, | : | |
| v. | : | (Magistrate Judge Carlson) |
| SHOHOLA, INC., | : | |
| Defendant. | : | |

**MEMORANDUM AND ORDER**

I. **Factual Background**

The plaintiff, "R.D.," commenced this action on June 3, 2016, alleging that the defendant, Shohola, Inc., is liable to him for the injuries he incurred when he was sexually assaulted on one of the defendant's overnight camping trips. The parties are currently preparing for trial on the remaining negligence claims in this lawsuit. As trial approaches, the parties have filed some 29 motions *in limine*, including two motions filed by the plaintiff, (Docs. 301, 347), and 28 motions submitted by the defendant. (Docs. 302-12, 15-29 and 360).

We now turn to consideration of one of these motions. The plaintiff in this case, R.D., is gay. As a young man, R.D. has also been treated for drug and alcohol addiction. The plaintiff has filed a motion *in limine* (Doc. 301), which seeks to bar references to his sexual orientation and alleged drug and alcohol use. From R.D.'s

1

perspective, this evidence is both irrelevant and highly prejudicial. Defendant Shohola, in turn, has filed a response in opposition to this motion, arguing the relevance of these issues to some of the proposed psychiatric testimony in this case. (Doc. 331). In particular, Shohola notes that one major issue in this lawsuit relates to R.D.'s claim that he suffers from PTSD as a result of this assault, and R.D.'s assertion that the PTSD caused by this sexual assault is a substantial contributing factor to his other emotional impairments. Shohola notes that its own expert witness is prepared to testify that R.D. does not suffer from PTSD and that his other emotional impairments may be a product of what were unresolved issues of sexual identification. Accordingly, Shohola posits that evidence relating to these matters is directly relevant to these diagnostic issues and contends that any prejudice stemming from the presentation of this evidence can simply be addressed through a cautionary instruction. This motion has been briefed by the parties and is, therefore, ripe for resolution.

Presented with this binary choice proffered by counsel, for the reasons set forth below, we choose a third path. We will grant the motion *in limine* in part, and direct that no evidence or argument regarding R.D.'s sexual orientation or drug and alcohol use will be made without a prior offer of proof and authorization by the court. To the extent that testimony or argument is permitted, it will be strictly limited

to the offer of proof made by the moving party, and we will fashion appropriate cautionary instructions guiding the jury in its consideration of this evidence.

## II. Discussion

The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial. See Luce v. United States, 469 U.S. 38, 41 n.4 (1984); In re Japanese Elec. Prods. Antitrust Litig., 723 F.2d 238, 260 (3d Cir. 1983), rev'd on other grounds sub nom., Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986) (the court exercises its discretion to rule *in limine* on evidentiary issues "in appropriate cases"). Courts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing, or irrelevant evidence. United States v. Romano, 849 F.2d 812, 815 (3d Cir. 1988). Courts may also do so in order to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1069 (3d Cir. 1990) (citation omitted). In considering motions *in limine* which call upon the Court to engage in preliminary evidentiary rulings under Rule 403 of the Federal Rules of Evidence, we begin by recognizing that these "evidentiary rulings [on motions *in limine*] are subject to the trial judge's discretion and are therefore reviewed only for abuse of discretion . . . . Additionally, application of the balancing test under Federal Rule of Evidence 403 will not be disturbed unless it is 'arbitrary and irrational.' " Abrams v. Lightolier

Inc., 50 F.3d 1204, 1213 (3d Cir. 1995) (citations omitted); see Bernardsville Bd. of Educ. v. J.H., 42 F.3d 149, 161 (3d Cir. 1994) (reviewing *in limine* rulings for abuse of discretion).

Such motions call upon us to strike an appropriate balance between principles which shape the philosophy behind the rules of evidence. At the outset, the Federal Rules of Evidence can aptly be characterized as evidentiary rules of inclusion, which hold that: "Under [Rule] 401, evidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.' " Frank v. County of Hudson, 924 F. Supp. 620, 626 (D.N.J. 1996) (citing Spain v. Gallegos, 26 F.3d 439, 452 (3d Cir. 1994) (quotations omitted)). Further Rule 402 provides that:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

Fed. R. Evid. 402.

Cast against these principles favoring admission of relevant evidence is the concept embraced by Rule 403, which provides that:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

4

Fed. R. Evid. 403. Furthermore, while the Third Circuit encourages a cautious approach to the pre-trial exclusion of evidence on the grounds of undue prejudice, Spain v. Gallegos, 26 F.3d 439, 453 (3d Cir. 1994) (noting that the Third Circuit's "cautious approach to Rule 403 exclusions at the pretrial stage . . . ."), case law has long recognized that certain areas of inquiry are fraught with potential prejudice.

Questions of sex, sexuality, and sexual identity are one such area. Despite the progress of the law in this field, Obergefell v. Hodges, 135 S. Ct. 2584, 2588, 192 L. Ed. 2d 609 (2015), questions of human sexuality can trigger deep-seated biases and inspire visceral responses which are antithetical to the dispassionate analysis of the evidence that is essential to a fair trial. Likewise, issues of drug use or abuse often cloud judgment with passion in ways which are potentially prejudicial at trial. For these reasons, litigants often seek pretrial rulings relating to the exclusion or use such evidence through motions *in limine*. See, e.g., Cartagena v. Serv. Source, Inc., No. 1:17-CV-742, 2019 WL 183853, at *5 (M.D. Pa. Jan. 14, 2019) (granting motion *in limine* regarding drug use); E.E.O.C. v. Smokin' Joe's Tobacco Shop, Inc., No. CIV.A. 06-01758, 2007 WL 2461745, at *2 (E.D. Pa. Aug. 22, 2007) (granting in part and denying in part motions *in limine* regarding sexual conduct and drug use); United States v. Neufeld, 949 F. Supp. 555, 557 (S.D. Ohio 1996), aff'd, 149 F.3d 1185 (6th Cir. 1998) (discussing consequences which flowed from alleged failure to abide by motion *in limine* excluding evidence of homosexuality). The rulings on

5

these motions *in limine* are many, varied, and fact-dependent, but they all underscore for us the cardinal importance of proceeding carefully when we are called upon to consider questions of the admissibility of evidence concerning sex, sexuality, and drug use.

This case squarely presents such issues and the parties have offered us a binary choice. Citing the potential prejudice which may flow from such inquiries, the plaintiff urges us to exclude any such evidence. Given the prejudice which can flow from the unregulated introduction of such evidence, the plaintiff is justified in raising this concern.[1] Yet, total exclusion of this evidence may not be justified since questions of R.D.'s sexuality and drug use appear to be integral parts of the competing medical diagnoses made in this case regarding a question pivotal to the litigation; namely, whether R.D, suffers from PTSD as a result of this alleged incident in 2007. However, the solution proposed by the defense, which would permit such testimony, subject only to cautionary instructions after-the-fact, strikes

---

[1] We note, for example, that at a recent evidentiary hearing relating to the proposed testimony of a proffered memory expert witness, the proponent of this testimony posed protracted hypotheticals that were littered with extraneous matters like self-deprecating remarks by R.D. concerning his sexuality, and a far-fetched theory premised on R.D.'s sexuality that R.D. invented this entire episode, underwent years of therapy, and has pursued this litigation based upon a deliberate lie—a false statement which the defendant Shohola speculated R.D. told as a teen in order to avoid a heterosexual encounter with a former girlfriend. Such questioning aptly highlights the need for careful judicial oversight of questioning which relates to these matters.

us as an inadequate response to potentially irremediable prejudice. Presented with this binary, but somewhat unsatisfactory choice, we elect to follow a third course, described below, which is intended to exercise careful oversight in this area which is potentially relevant but fraught with prejudice.

**II.     Order**

The plaintiff's motion *in limine* (Doc. 301) is GRANTED in part as follows:

First, prior to any argument, questioning, or presentation of evidence relating to R.D.'s sexual orientation and alleged drug and alcohol use, the proponent of that evidence will make a detailed offer of proof outside the presence of the jury addressing the countervailing concerns set forth in this order.

Second, to the extent that the party proposing such evidence or argument is granted leave to present these matters to the jury, the proponent of the evidence will be strictly limited to the offer of proof made by the moving party and may not use the evidence for any other purpose.

Third, any evidence admitted pursuant to this process will be admitted subject to specific cautionary instructions which will: (1) identify the specific purpose for which the evidence is being admitted; (2) admonish the jury that it may not use the evidence for any other purpose; and (3) instruct the jury that it must fairly consider all of the evidence in reaching a verdict, setting aside any prejudices, biases, or pre-conceived notions.

So ordered this 15th day of November 2019.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge