# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **"R.D.,"** | : | Civil No. 3:16-CV-01056 |
| **Plaintiff,** | : | |
| v. | : | (Magistrate Judge Carlson) |
| **SHOHOLA, INC.,** | : | |
| **Defendant.** | : | |

## MEMORANDUM AND ORDER

### I. Factual Background

The plaintiff, "R.D.," commenced this action on June 3, 2016, alleging that the defendant, Shohola, Inc., is liable to him for the injuries he incurred when he was sexually assaulted on one of the defendant's overnight camping trips. The parties are currently preparing for trial on the remaining negligence claims in this lawsuit. As trial approaches, the parties have filed some 30 motions *in limine*, including two motions filed by the plaintiff, (Doc. 301, 347), and 28 motions submitted by the defendant. (Docs. 302-327, 360).

We now turn to consideration of one of these motions. Defense motion *in limine* Number 1 (Doc. 302) asks that we sequester witnesses at trial and instruct witnesses not to discuss their testimony with counsel, or with one another. This motion is fully briefed and argued by the parties and is, therefore, ripe for resolution.

(Doc. 366). For the reasons set forth below, the motion is GRANTED in part and DENIED in part.

## II. Discussion

Rule 615 of the Federal Rules of Evidence governs sequestration of witnesses and provides as follows:

> At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony. Or the court may do so on its own. But this rule does not authorize excluding:
>
> **(a)** a party who is a natural person;
> **(b)** an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney;
> **(c)** a person whose presence a party shows to be essential to presenting the party's claim or defense; or
> **(d)** a person authorized by statute to be present.

Fed. R. Evid. 615.

Decisions regarding the scope of a sequestration order rest in the sound discretion of the court. Indem. Ins. Co. of N. Am. v. Electrolux Home Prod., Inc., 520 F. App'x 107, 112 (3d Cir. 2013) That discretion is guided, however, by certain basic principles. At the outset, the language of the rule commands that some sequestration take place when requested by a party. Further, the rule plainly permits party-witnesses to be present throughout the trial. However, in the exercise of discretion courts have also frequently allowed expert witnesses to remain in the courtroom, reasoning that the rationale behind sequestration has little application to

experts who are not testifying regarding their personal knowledge of the underlying facts of the case. As the Court of Appeals has noted:

> FRE 615 provides that "[a]t a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony.... But this rule does not authorize excluding ... a person whose presence a party shows to be essential to presenting the party's claim or defense." The "essential" exception applies most often in cases involving expert witnesses. There is little, if any, reason for sequestering a witness who is to testify as an expert and not to the facts of the case. Morvant v. Constr. Aggregates Corp., 570 F.2d 626, 629 (6th Cir. 1978). Where a party seeks to except an expert from sequestration so that the expert can hear firsthand the testimony of witnesses, the decision whether to permit the expert to remain is within the discretion of the trial judge and should not normally be disturbed on appeal. Id. at 630.

Indem. Ins. Co. of N. Am. v. Electrolux Home Prod., Inc., 520 F. App'x 107, 112 (3d Cir. 2013).

These principles guide us in addressing the instant motion *in limine*. In this case, Shohola has requested sequestration of witnesses. This request will be GRANTED, with the following exceptions:

First, this sequestration order does not apply to the plaintiff, or the designated representative of the defendant, Shohola. Prior to trial Shohola shall identify for the court and opposing counsel its designated representative.

3

Second, in the exercise of our discretion we will permit any expert witness that either party may wish to call to attend the trial. Indem. Ins. Co. of N. Am. v. Electrolux Home Prod., Inc., 520 F. App'x 107, 112 (3d Cir. 2013).

Third, "all [fact] witnesses shall be instructed not to discuss the case or their testimony with each other" without the approval of the court. Forest Labs., Inc. v. Ivax Pharm., Inc., No. CXIV.A. 03-891JJF, 2006 WL 6293849, at *4 (D. Del. Feb. 21, 2006).

Finally, we will decline to endeavor to further regulate witness preparation in this case by counsel, beyond observing that no counsel may endeavor to communicate with witnesses while they are testifying during breaks in their testimony.

So ordered this 19th day of November 2019.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge