# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| "R.D.," | : | Civil No. 3:16-CV-01056 |
| Plaintiff, | : | |
| v. | : | (Magistrate Judge Carlson) |
| SHOHOLA, INC., | : | |
| Defendant. | : | |

## MEMORANDUM AND ORDER

### I.  Factual Background

The plaintiff, "R.D.," commenced this action on June 3, 2016, alleging that the defendant, Shohola, Inc., is liable to him for the injuries he incurred when he was sexually assaulted on one of the defendant's overnight camping trips. The parties are currently preparing for trial on the remaining negligence claims in this lawsuit. As trial approaches, the parties have filed some 28 motions *in limine*, including one motion filed by the plaintiff, (Doc. 301), and 27 motions submitted by the defendant. (Docs. 302-27).

We now turn to consideration of one of these motions. Defense motion *in limine* Number 3 asks the court to enter a pre-trial order seeking two forms of relief: (1) an order barring all reference to insurance coverage information and (2) exclusion of any evidence relating to Shohola's insurance agent, Morris Gold, in the

1

presence of the jury. (Doc. 304). For his part, the plaintiff does not object to an order precluding references to Shohola's insurance coverage, but R.D. does object to a complete exclusion of any reference to Mr. Gold at this trial, alleging that Gold provided Shohola staff with training regarding sexual abuse, a matter which would be highly relevant to the issues in his case. In particular, R.D. observes that Shohola's co-director Duncan Barger has stated that Morris Gold "speaks at our camp orientation every year". (Doc. 366 at 6). According to Barger, Gold: "provides us advice and he speaks at our counselor orientation." (Id.) Barger has also stated that Gold spoke to camp personnel about issues directly relevant to this litigation. Specifically, Gold's training sessions at Camp Shohola included the following: "he talked about the fact that sexual abuse is not only between adults and children, but that it can also be between children." (Id.) Barger further confirmed that sexual abuse was discussed at every annual training for the camp's staff, including in the year 2007, "without a doubt". (Id.) Thus, Barger's unequivocal testimony indicates that Gold's staff training related directly to issues that are highly relevant in this case: camp staff awareness of the potential for sexual abuse by and between juvenile campers.

With Barger's testimony having framed the relevance of this evidence for us, this motion has been briefed and argued by the parties and is, therefore, ripe for

2

resolution. (Doc. 366). For the reasons set forth below, the motion is GRANTED in part, and DENIED in part.

## I. Discussion

### A. Motions *in Limine*—Guiding Principles

The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial. See Luce v. United States, 469 U.S. 38, 41 n.4 (1984); In re Japanese Elec. Prods. Antitrust Litig., 723 F.2d 238, 260 (3d Cir. 1983), rev'd on other grounds sub nom., Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986) (the court exercises its discretion to rule *in limine* on evidentiary issues "in appropriate cases"). Courts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence. United States v. Romano, 849 F.2d 812, 815 (3d Cir. 1988). Courts may also do so in order to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." Bradley v. Pittsburgh Bd. of Educ., 913 F.2d 1064, 1069 (3d Cir. 1990) (citation omitted). However, courts should be careful before doing so.

In considering motions *in limine* which call upon the Court to engage in preliminary evidentiary rulings under Rule 403 of the Federal Rules of Evidence, we begin by recognizing that these "evidentiary rulings [on motions *in limine*] are subject to the trial judge's discretion and are therefore reviewed only for abuse of

3

discretion . . . . Additionally, application of the balancing test under Federal Rule of Evidence 403 will not be disturbed unless it is 'arbitrary and irrational.' " Abrams v. Lightolier Inc., 50 F.3d 1204, 1213 (3d Cir. 1995) (citations omitted); see Bernardsville Bd. of Educ. v. J.H., 42 F.3d 149, 161 (3d Cir. 1994) (reviewing *in limine* rulings for abuse of discretion). Yet, while these decisions regarding the exclusion of evidence rest in the sound discretion of the district court and will not be disturbed absent an abuse of that discretion, the exercise of that discretion is guided by certain basic principles.

One of the key guiding principles is reflected in the philosophy which shapes the rules of evidence. The Federal Rules of Evidence can aptly be characterized as evidentiary rules of inclusion, which are designed to broadly permit fact-finders to consider pertinent factual information while searching for the truth. The inclusionary quality of the rules, and their permissive attitude towards the admission of evidence, is embodied in three cardinal concepts. The first of these concepts is Rule 401's definition of relevant evidence. Rule 401 defines what is relevant in an expansive fashion, stating:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Evid. 401.

4

Adopting this broad view of relevance, it has been held that: "Under [Rule] 401, evidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.' [Therefore] '[i]t follows that evidence is irrelevant only when it has no tendency to prove the fact. Thus the rule, while giving judges great freedom to admit evidence, diminishes substantially their authority to exclude evidence as irrelevant.' " Frank v. County of Hudson, 924 F. Supp. 620, 626 (D.N.J. 1996) (citing Spain v. Gallegos, 26 F.3d 439, 452 (3d Cir. 1994) (quotations omitted)).

This quality of inclusion embraced by the Federal Rules of Evidence, favoring the admission of potentially probative proof in all of its forms, is further buttressed by Rule 402, which generally defines the admissibility of relevant evidence in sweeping terms, providing that:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

Fed. R. Evid. 402.

Thus, Rule 402 expressly provides that all "[r]elevant evidence will be admissible unless the rules of evidence provide to the contrary." United States v. Sriyuth, 98 F.3d 739, 745 (3d Cir. 1996) (citations omitted). While these principles favoring inclusion of evidence are subject to some reasonable limitations, even those

5

limitations are cast in terms that clearly favor admission of relevant evidence over preclusion of proof in federal proceedings. Thus, Rule 403, which provides grounds for exclusion of some evidence, describes these grounds for exclusion as an exception to the general rule favoring admission of relevant evidence, stating that:

> Although relevant, evidence may be excluded if its probative value **is substantially outweighed** by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403 (emphasis added).

By permitting the exclusion of relevant evidence only when its probative value is "substantially outweighed" by other prejudicial factors, Rule 403 underscores the principle that, while evidentiary rulings rest in the sound discretion of the court, that discretion should consistently be exercised in a fashion which resolves all doubts in favor of the admission of relevant proof in a proceeding, unless the relevance of that proof is substantially outweighed by some other factors which caution against admission.

These broad principles favoring the admission of relevant evidence also shape and define the scope of this Court's discretion in addressing motions *in limine* like those filed by the parties here, which seek a pre-trial ruling excluding a considerable range of evidence largely on relevance and prejudice grounds. In the past, the United States Court of Appeals for the Third Circuit has cautioned against such preliminary and wholesale exclusion of evidence, noting that it has "made clear that rulings

6

excluding evidence on Rule 403 grounds should rarely be made *in limine*." Walden v. Georgia–Pacific Corp., 126 F.3d 506, 518 n. 10 (3d Cir. 1997). The reason for this caution is evident: oftentimes a court "cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." Id.; see also In re Diet Drugs Products Liability Litigation, 369 F.3d 293, 314 (3d Cir. 2004). As the Court of Appeals has observed when advising against excessive reliance on motions *in limine* to exclude evidence under Rule 403:

> [M]otions *in limine* often present issues for which final decision is best reserved for a specific trial situation. American Home, 753 F.2d at 324; cf. Luce v. United States, 469 U.S. 38, 41-42, 105 S. Ct. 460, 463-64, 83 L.Ed.2d 443 (1984) (holding that criminal defendant must testify to preserve claim of improper impeachment with prior conviction) ("The [*in limine*] ruling is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling."). This is particularly true when the evidence is challenged as irrelevant or prejudicial; the considerations weighed by the court will likely change as the trial progresses. See Rosenfeld v. Basquiat, 78 F.3d 84, 91 (2d Cir. 1996) ("Unlike rulings that involve balancing potential prejudice against probative value, the ruling in the present case was not fact-bound and no real purpose other than form would have been served by a later objection."). We have also made clear that rulings excluding evidence on Rule 403 grounds should rarely be made *in limine*. "[A] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence. We believe that Rule 403 is a trial-oriented rule. Precipitous Rule 403 determinations, before the challenging party has had an opportunity to develop the record, are therefore unfair and improper." Paoli I, 916 F.2d at 859; see also In re Paoli R.R. Yard PCB

Litig., 35 F.3d 717, 747 (3d Cir. 1994) ("Paoli II"). Under these and similar circumstances, if a district court makes a tentative pre-trial ruling, it has the opportunity to "reconsider [its] in limine ruling with the benefit of having been witness to the unfolding events at trial." United States v. Graves, 5 F.3d 1546, 1552 (5th Cir. 1993).

Walden, 126 F.3d at 518 n. 10.

The Third Circuit has thus cautioned that "pretrial Rule 403 exclusions should rarely be granted. . . . Excluding evidence as being more prejudicial than probative at the pretrial stage is an extreme measure that is rarely necessary, because no harm is done by admitting it at that stage." In re Paoli R. Yard PCB Litig., 916 F.2d 829, 859 (3d Cir. 1990); see also Spain v. Gallegos, 26 F.3d 439, 453 (3d Cir. 1994) (noting that the Third Circuit's "cautious approach to Rule 403 exclusions at the pretrial stage . . . ."). Moreover, the Third Circuit has characterized Rule 403 as a "trial-oriented rule" such that "[p]recipitous Rule 403 determinations, before the challenging party has had an opportunity to develop the record, are . . . unfair and improper." In re Paoli R. Yard PCB Litig., 916 F.2d at 859.

Accordingly, the principles which guide our consideration of motions *in limine* urge courts to exercise their broad discretion sparingly in this field, and avoid precipitous pre-trial rulings excluding evidence on relevance and prejudice grounds or otherwise unduly curtailing the parties' presentations of their case. It is against the backdrop of these guiding legal tenets that we consider the parties' motions *in limine*.

### B. Motion *in limine* 3 will be Granted in Part and Denied in Part.

Guided by these general principles, we turn to consideration of this motion *in limine*. Viewed in the abstract, this motion states a largely unremarkable legal proposition. Parties may not refer to evidence that the defendants either possess or lack insurance coverage at trial to prove that the defendants acted negligently or wrongfully. Federal Rule of Evidence 411 ("Liability Insurance") provides as follows:

> Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control.

F.R.E. 411. "Moreover, courts in this Circuit routinely exclude evidence of liability insurance on motions *in limine*." Kimes v. Univ. of Scranton, 2016 U.S. Dist. LEXIS 44274, *8 (M.D. Pa. 2016). As such, the Court will preclude evidence of insurance coverage consistent with Federal Rule of Evidence 411 and with prevailing case law in this Circuit. Accordingly, to the extent that the motion asks us to restate and reaffirm these familiar propositions, the motion is GRANTED.

However, because references to sexual abuse training provided by Mr. Gold could potentially be highly relevant to the trial of this case, we will not exclude this evidence prior to trial. Therefore, as to these matters we will DENY this motion *in*

9

*limine* and permit appropriately limited testimony regarding this training provided by Gold at trial.[1]

An appropriate order follows.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

---

[1] We note, however, that in the event that witnesses testify regarding sexual abuse training provided by Gold, we anticipate that this testimony could be presented without any explicit reference to Gold's employment with Shohola's insurer.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| "R.D.," | : | Civil No. 3:16-CV-01056 |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| **SHOHOLA, INC.,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER

AND NOW this 19th day of November 2019, in accordance with the accompanying Memorandum, defense motion *in limine* Number 3, which asks the court to enter a pre-trial order seeking two forms of relief: (1) an order barring all reference to insurance coverage information and (2) exclusion of any evidence relating to Shohola's insurance agent, Morris Gold, in the presence of the jury (Doc. 304) is GRANTED in part and DENIED in part as follows: To the extent that the motion asks us to restate and reaffirm familiar propositions embodied in Rule 411 prohibiting reference to insurance coverage, the motion is GRANTED. However, because references to sexual abuse training provided by Mr. Gold could be highly relevant to the trial of this case, we will not exclude this evidence prior to trial. Therefore, as to these matters we will DENY this motion *in limine* and permit

appropriately limited testimony regarding this training provided by Gold at trial PROVIDED that that this testimony is presented without any reference to Gold's employment with Shohola's insurer.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge