# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| "R.D.," | : | Civil No. 3:16-CV-01056 |
| Plaintiff, | : | |
| v. | : | (Magistrate Judge Carlson) |
| SHOHOLA, INC., | : | |
| Defendant. | : | |

## MEMORANDUM AND ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

The plaintiff, "R.D.," commenced this action on June 3, 2016, alleging that the defendant, Shohola, Inc., is liable to him for the injuries he incurred when he was sexually assaulted on one of the defendant's overnight camping trips. The parties are currently preparing for trial on the remaining negligence claims in this lawsuit. As trial approaches, the parties have filed some 30 motions *in limine*, including a recently filed defense motion which relates to two witnesses subpoenaed by the plaintiff for trial—a young man who will be identified by the initials E.J. and his mother. (Doc. 360). While we will address the underlying merits of this motion in due course, there is one matter which requires immediate attention in our view.

According to this motion, at various times, E.J.'s mother has called the defendant and defense counsel suggesting that she and her son may be considering

refusing to comply with these subpoenas. For example, on November 13, 2019, it is alleged that E.J.'s mother left the following message with defense counsel:

> Hi, this is [Ms. E.J.] again. I'm returning your call to inform you that we do not have a lawyer, we are not getting a lawyer, we are not paying for a lawyer, we don't even want to come there. And I'm looking into not having to show up. If all the President's men can do it, then I can do it. Um, we are not interested, and absolutely under no circumstances will we engage counsel. Thank you.

(Doc. 360, ¶ 14).

In order to avoid confusion or legal jeopardy for these witnesses, the witness is advised that the Court—and no one else—will determine whether she may be excused from appearing and IT IS ORDERED that this witness is NOT released from her subpoena unless or until we release her from this obligation. The witness is further advised that a failure to comply with a subpoena may be deemed a contempt of court and result in sanctions. IT IS FURTHER ORDERED that the plaintiff's counsel shall cause a copy of this order to be delivered to this witness at her place of business, which we understand may be a law office, so she may clearly understand her rights and obligations as a subpoenaed witness.

So ordered this 19th day of November 2019.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge