# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| "R.D.," | : | Civil No. 3:16-CV-01056 |
| Plaintiff, | : | |
| v. | : | (Magistrate Judge Carlson) |
| SHOHOLA, INC., | : | |
| Defendant. | : | |

## MEMORANDUM AND ORDER

### I. Factual Background

The plaintiff, "R.D.," commenced this action on June 3, 2016, alleging that the defendant, Shohola, Inc., is liable to him for the injuries he incurred when he was sexually assaulted on one of the defendant's overnight camping trips. The parties are currently preparing for trial on the remaining negligence claims in this lawsuit. As trial approaches, the parties have filed some 30 motions *in limine*, including two motions filed by the plaintiff, (Doc. 301, 347), and 28 motions submitted by the defendant. (Docs. 302-327, 360).

We now turn to consideration of one of these motions. Citing Waldorf v. Shuta, 896 F.2d 723, 744 (3d Cir. 1990), Shohola's motion *in limine* Number 13 (Doc. 315) asks that we bar plaintiff's counsel from directly or indirectly arguing that plaintiff should be awarded a specific lump sum amount in non-economic

damages. This motion is fully briefed by the parties and is, therefore, ripe for resolution. For the reasons set forth below, the motion is GRANTED in part and DENIED in part.

## II. Discussion

In this motion *in limine* Shohola relies upon the Court's decision in Waldorf v. Shuta, 896 F.2d 723 (3d Cir. 1990), to assert that Plaintiff's counsel may not argue that R.D. should be awarded some specific sum of money for pain and suffering. In Waldorf, the Court addressed this precise question, stating as follows:

> The question whether plaintiff's counsel may request a specific dollar amount for pain and suffering in his closing remarks is a matter governed by federal law, and we now hold that he may not make such a request. . . . . We hold that the references by plaintiff's counsel in his closing remarks to a minimum dollar amount that plaintiff should be awarded for his pain and suffering could have irrationally inflated the damages award and, under the facts of this case, constituted reversible error.

Waldorf, 896 F.2d at 744. Thus, while Waldorf draws a bright-line rule forbidding closing arguments which request a specific dollar amount in damages for pain and suffering, the Court of Appeals has also stated that: "we have never extended the prohibition set forth in Waldorf to include comments that suggest a method for quantifying the plaintiff's suffering." Rutter v. Rivera, 74 F. App'x 182, 185 (3d Cir. 2003). Moreover, it is clear that a plaintiff may seek non-economic damages, like pain and suffering damages. On this score, we commend to the parties the Model

Jury Instructions adopted in Pennsylvania for assessing non-economic damages, which provides as follows:

> The plaintiff has made a claim for a damage award for past and for future noneconomic loss. There are four items that make up a damage award for noneconomic loss, both past and future: (1) pain and suffering; (2) embarrassment and humiliation; [and] (3) loss of ability to enjoy the pleasures of life . . . .
>
> The first item to be considered in the plaintiff's claims for damage awards for past noneconomic loss and for future noneconomic loss is pain and suffering. You are instructed that plaintiff is entitled to be fairly and adequately compensated for all physical pain, mental anguish, discomfort, inconvenience, and distress that you find (he) (she) has endured from the time of the injury until today and that plaintiff is also entitled to be fairly and adequately compensated for all physical pain, mental anguish, discomfort, inconvenience, and distress you find (he) (she) will endure in the future as a result of (his) (her) injuries.
>
> The second item that goes to make up noneconomic loss is embarrassment and humiliation. Plaintiff is entitled to be fairly and adequately compensated for such embarrassment and humiliation as you believe (he) (she) has endured and will continue to endure in the future as a result of (his) (her) injuries.
>
> The third item is loss of enjoyment of life. Plaintiff is entitled to be fairly and adequately compensated for the loss of (his) (her) ability to enjoy any of the pleasures of life as a result of the injuries from the time of the injuries until today and to be fairly and adequately compensated for the loss of (his) (her) ability to enjoy any of the pleasures of life in the future as a result of (his) (her) injuries.
>
> . . . . . . .
>
> In considering plaintiff's claims for damage awards for past and future noneconomic loss, you will consider the following factors: (1) the age

of the plaintiff; (2) the severity of the injuries; (3) whether the injuries are temporary or permanent; (4) the extent to which the injuries affect the ability of the plaintiff to perform basic activities of daily living and other activities in which the plaintiff previously engaged; (5) the duration and nature of medical treatment; (6) the duration and extent of the physical pain and mental anguish which the plaintiff has experienced in the past and will experience in the future; [and] (7) the health and physical condition of the plaintiff prior to the injuries.

Pa. R.C.P. No. 223.3 (modified to delete references to disfigurement). These model jury instructions provide useful guideposts to all counsel in framing, and responding to, arguments regarding non-economic damages.

## II. Order

Consistent with these guiding legal tenets, IT IS ORDERED as follows: Motion *in limine* Number 13 (Doc. 315) is GRANTED, in part, in that counsel may not request a specific dollar amount for pain and suffering in closing remarks. However, the motion is DENIED to the extent that it seeks to prevent counsel from making any comments that suggest a method for quantifying the plaintiff's suffering, particularly when those comments are grounded upon the considerations set forth Pennsylvania's Model Jury Instructions.

So ordered this 19th day of November 2019.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge