# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **"R.D.,"** | : | Civil No. 3:16-CV-01056 |
| **Plaintiff,** | : | |
| v. | : | (Magistrate Judge Carlson) |
| **SHOHOLA, INC.,** | : | |
| **Defendant.** | : | |

## MEMORANDUM AND ORDER

### I. Factual Background

The plaintiff, "R.D.," commenced this action on June 3, 2016, alleging that the defendant, Shohola, Inc., is liable to him for the injuries he incurred when he was sexually assaulted on one of the defendant's overnight camping trips during a 2008 camping excursion at Cape Cod. The parties are currently preparing for trial on the remaining negligence claims in this lawsuit. As trial approaches the parties have filed some 30 motions *in limine*, including two motions filed by the plaintiff, (Doc. 301, 347), and 28 motions submitted by the defendant. (Docs. 302-327, 360).

We now turn to consideration of two of these motions.

Defense motion *in limine* Number 15, (Doc. 317), requests that the court preclude reference to (1) camp "safety rules," (2) the "safety" of the community or the public at large, (3) the "safety" of the jurors themselves, and (4) potential harms

or "dangers" that could theoretically be caused by Shohola's conduct. Shohola seeks this relief based upon its concern that the plaintiff may pursue what Shohola refers to as the "*Reptile*" theory in which counsel may endeavor to shift the focus of a tort claim from the issues of actual harm, and causation to a more theoretical discussion in the abstract of community safety.

Motion *in limine* Number 17, (Doc. 319), requests that this court enter an order barring any lay witness -- including but not limited to plaintiff's parents – from opining, concluding, speculating, implying, or otherwise testifying to the cause, nature, and extent of plaintiff's alleged injuries, diagnosis, and prognosis, arguing that these lay witnesses are not mental health professionals, and so are not qualified to offer opinion testimony on these topics. Fed. R. Evid. 701, 702.

These motions have been briefed and argued by the parties and are, therefore, ripe for resolution. (Doc. 366). For the reasons set forth below, the motions are DENIED without prejudice to the consideration of appropriate objections at trial.

## I. Discussion

### A. Motions *in Limine*--Guiding Principles

The Court is vested with broad inherent authority to manage its cases, which carries with it the discretion and authority to rule on motions *in limine* prior to trial. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984); *In re Japanese Elec. Prods. Antitrust Litig.*, 723 F.2d 238, 260 (3d Cir. 1983), *rev'd on other grounds sub nom.*,

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986) (the court exercises its discretion to rule *in limine* on evidentiary issues "in appropriate cases"). Courts may exercise this discretion in order to ensure that juries are not exposed to unfairly prejudicial, confusing or irrelevant evidence. *United States v. Romano*, 849 F.2d 812, 815 (3d Cir. 1988). Courts may also do so in order to "narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990) (citation omitted). However, courts should be careful before doing so.

In considering motions *in limine* which call upon the Court to engage in preliminary evidentiary rulings under Rule 403 of the Federal Rules of Evidence, we begin by recognizing that these "evidentiary rulings [on motions *in limine* ] are subject to the trial judge's discretion and are therefore reviewed only for abuse of discretion ... Additionally, application of the balancing test under Federal Rule of Evidence 403 will not be disturbed unless it is 'arbitrary and irrational.' " *Abrams v. Lightolier Inc.* 50 F.3d 1204, 1213 (3d Cir.1995) (citations omitted); *see Bernardsville Bd. of Educ. v. J.H.,* 42 F.3d 149, 161 (3d Cir.1994) (reviewing *in limine* rulings for abuse of discretion). Yet, while these decisions regarding the exclusion of evidence rest in the sound discretion of the district court and will not be disturbed absent an abuse of that discretion, the exercise of that discretion is guided by certain basic principles.

One of the key guiding principles is reflected in the philosophy which shapes the rules of evidence. The Federal Rules of Evidence can aptly be characterized as evidentiary rules of inclusion, which are designed to broadly permit fact-finders to consider pertinent factual information while searching for the truth. The inclusionary quality of the rules, and their permissive attitude towards the admission of evidence, is embodied in three cardinal concepts. The first of these concepts is Rule 401's definition of relevant evidence. Rule 401 defines what is relevant in an expansive fashion, stating:

> "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Fed. R. Evid. 401.

Adopting this broad view of relevance it has been held that: "Under [Rule] 401, evidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.' [Therefore] 'It follows that evidence is irrelevant only when it has no tendency to prove the fact. Thus the rule, while giving judges great freedom to admit evidence, diminishes substantially their authority to exclude evidence as irrelevant.' " *Frank v. County of Hudson,* 924 F.

4

Supp. 620, 626 (D.N.J.1996) *citing Spain v. Gallegos,* 26 F.3d 439, 452 (3d Cir.1994) (quotations omitted).

This quality of inclusion embraced by the Federal Rules of Evidence, favoring the admission of potentially probative proof in all of its forms, is further buttressed by Rule 402, which generally defines the admissibility of relevant evidence in sweeping terms, providing that:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

Fed. R. Evid. 402.

Thus, Rule 402 expressly provides that all "[r]elevant evidence will be admissible unless the rules of evidence provide to the contrary." *United States v. Sriyuth,* 98 F.3d 739, 745 (3d Cir.1996) (citations omitted). While these principles favoring inclusion of evidence are subject to some reasonable limitations, even those limitations are cast in terms that clearly favor admission of relevant evidence over preclusion of proof in federal proceedings. Thus, Rule 403, which provides grounds for exclusion of some evidence, describes these grounds for exclusion as an exception to the general rule favoring admission of relevant evidence, stating that:

> Although relevant, evidence may be excluded if its probative value **is substantially outweighed** by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403 (emphasis added).

By permitting the exclusion of relevant evidence only when its probative value is "substantially outweighed" by other prejudicial factors, Rule 403 underscores the principle that, while evidentiary rulings rest in the sound discretion of the court, that discretion should consistently be exercised in a fashion which resolves all doubts in favor of the admission of relevant proof in a proceeding, unless the relevance of that proof is substantially outweighed by some other factors which caution against admission.

These broad principles favoring the admission of relevant evidence also shape and define the scope of this Court's discretion in addressing motions *in limine* like those filed by the parties here, which seek a pre-trial ruling excluding a considerable range of evidence largely on relevance and prejudice grounds. In the past the United States Court of Appeals for the Third Circuit has cautioned against such preliminary and wholesale exclusion of evidence, noting that it has "made clear that rulings excluding evidence on Rule 403 grounds should rarely be made *in limine.*" *Walden v. Georgia–Pacific Corp.,* 126 F.3d 506, 518 n. 10 (3d Cir.1997). The reason for this caution is evident: oftentimes a court "cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence." *Id.; see also In re Diet Drugs Products Liability Litigation,*

6

369 F.3d 293, 314 (3d Cir.2004). As the Court of Appeals has observed when advising against excessive reliance on motions *in limine* to exclude evidence under Rule 403:

> [M]otions *in limine* often present issues for which final decision is best reserved for a specific trial situation. *American Home,* 753 F.2d at 324; *cf. Luce v. United States,* 469 U.S. 38, 41–42, 105 S.Ct. 460, 463–64, 83 L.Ed.2d 443 (1984) (holding that criminal defendant must testify to preserve claim of improper impeachment with prior conviction) ("The [*in limine* ] ruling is subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant's proffer. Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling."). This is particularly true when the evidence is challenged as irrelevant or prejudicial; the considerations weighed by the court will likely change as the trial progresses. *See Rosenfeld v. Basquiat,* 78 F.3d 84, 91 (2d Cir.1996) ("Unlike rulings that involve balancing potential prejudice against probative value, the ruling in the present case was not fact-bound and no real purpose other than form would have been served by a later objection."). We have also made clear that rulings excluding evidence on Rule 403 grounds should rarely be made *in limine.* "[A ] court cannot fairly ascertain the potential relevance of evidence for Rule 403 purposes until it has a full record relevant to the putatively objectionable evidence. We believe that Rule 403 is a trial-oriented rule. Precipitous Rule 403 determinations, before the challenging party has had an opportunity to develop the record, are therefore unfair and improper." *Paoli I,* 916 F.2d at 859; *see also In re Paoli R.R. Yard PCB Litig.,* 35 F.3d 717, 747 (3d Cir.1994) ( *"Paoli II"* ). Under these and similar circumstances, if a district court makes a tentative pre-trial ruling, it has the opportunity to "reconsider [its] in limine ruling with the benefit of having been witness to the unfolding events at trial." *United States v. Graves,* 5 F.3d 1546, 1552 (5th Cir.1993).

*Walden,* 126 F.3d at 518 n. 10.

The Third Circuit has thus cautioned that "pretrial Rule 403 exclusions should rarely be granted. . . . Excluding evidence as being more prejudicial than probative at the pretrial stage is an extreme measure that is rarely necessary, because no harm is done by admitting it at that stage." *In re Paoli R. Yard PCB Litig.,* 916 F.2d 829, 859 (3d Cir. 1990); *see also Spain v. Gallegos*, 26 F.3d 439, 453 (3d Cir. 1994) (noting that the Third Circuit's "cautious approach to Rule 403 exclusions at the pretrial stage . . . ."). Moreover, the Third Circuit has characterized Rule 403 as a "trial-oriented rule" such that "[p]recipitous Rule 403 determinations, before the challenging party has had an opportunity to develop the record, are . . . unfair and improper." *In re Paoli R. Yard PCB Litig.,* 916 F.2d at 859.

Accordingly, the principles which guide our consideration of motions *in limine* urge courts to exercise their broad discretion sparingly in this field, and avoid precipitous pre-trial rulings excluding evidence on relevance and prejudice grounds or otherwise unduly curtailing the parties' presentations of their case. It is against the backdrop of these guiding legal tenets that we consider the parties' motions *in limine*.

### B. **Motions *in limine* 15 and 17 Will be Denied Without Prejudice.**

Guided by these general principles, we turn to consideration of these motions *in limine*.

At the outset, in motion *in limine* in Number 15, (Doc. 317), Shohola invites us to preclude reference to (1) camp "safety rules," (2) the "safety" of the community or the public at large, (3) the "safety" of the jurors themselves, and (4) potential harms or "dangers" that could theoretically be caused by Shohola's conduct. We will decline this invitation at this time but invite the parties to raise objections to specific evidence as the trial progresses. At the outset, recognizing the inclusionary nature of the rules of relevance we find that evidence regarding safety rules and practices may be relevant to the questions of negligence that lie at the heart of this case. We note that we are not alone in this view. Quite the contrary, the potential relevance of such matters has long been recognized by this court. *Kube v. Bethlehem Steel Corp.*, 390 F.2d 506, 507 (3d Cir. 1968); *Christner v. E. W. Bliss Co.,* 524 F. Supp. 1122, 1126 (M.D. Pa. 1981). Further, those cases which temper and limit the admissibility of such evidence do so in a very fact-specific manner, taking into account the nature of the specific safety rule, the facts of the case, and the relevance of the particular rule to the claims of negligence as defined by the factual context of the case. Such a task is ill-suited for pre-trial determination but rather must await trial.

As for motion *in limine* Number 17, (Doc. 319), which seeks to restrict lay testimony regarding medical matters, determination of these questions concerning lay opinion testimony involves consideration of the interplay between Rules 701 and

9

702 of the Federal Rules of Evidence. Rule 701 specifically authorizes lay opinion testimony, stating that:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
> **(a)** rationally based on the witness's perception;
> **(b)** helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> **(c)** not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.
>
> Fed. R. Evid. 701.

Thus, Rule 701 specifically permits lay opinion testimony in certain instances.

Rule 702, in turn, provides that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> **(a)** the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> **(b)** the testimony is based on sufficient facts or data;
> **(c)** the testimony is the product of reliable principles and methods; and
> **(d)** the expert has reliably applied the principles and methods to the facts of the case.
>
> Fed. R. Evid. 702.

There is undoubtedly a place for both lay and expert opinion testimony in cases like this which have a medical component. In fact, the court of appeals has held that medical issues in litigation can be determined "through a combination of

10

expert medical and lay testimony." *Schaar v. Lehigh Valley Health Servs., Inc.,* 598 F.3d 156, 161 (3d Cir. 2010). Thus, there is no absolute prohibition on lay opinion testimony in this field, although we are enjoined "to carefully exercise a screening function with respect to Rule 701 opinion testimony when the lay opinion offered closely resembles expert testimony." *Asplundh Mfg. Div., a Div. of Asplundh Tree Expert Co. v. Benton Harbor Eng'g*, 57 F.3d 1190, 1202 (3d Cir. 1995). In practice, when assessing opinion evidence on medical matters courts often draw a distinction between symptom assessment and condition diagnosis, finding that: "Lay opinion testimony on a specific medical diagnosis may not be admissible without proper expert support, but lay testimony as to a plaintiff's symptoms generally is." *Williams v. Hamilton Cty., Tennessee*, No. 1:15-CV-74, 2018 WL 1586234, at *2 (E.D. Tenn. Mar. 31, 2018). Plainly, though, this is a fact-bound and fact-intensive analysis which will turn on the nature of the testimony provided and the skills and qualifications of the witness. Therefore, it is not susceptible to resolution pre-trial in the abstract or in broad strokes. Instead, these questions must also await trial.

Therefore, we will deny these two motions *in limine* at this time, we do so but without prejudice to assessing the probative value and prejudicial effect of the evidence at trial in the context of the proof presented during trial.

11

An appropriate order follows.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| "R.D.," | : | Civil No. 3:16-CV-01056 |
| Plaintiff, | : | |
| v. | : | (Magistrate Judge Carlson) |
| SHOHOLA, INC., | : | |
| Defendant. | : | |

## ORDER

AND NOW this 19th day of November 2019, in accordance with the accompanying memorandum, defense motions *in limine* Number 15, (Doc. 317) and Number 17, (Doc. 319) are DENIED without prejudice to the consideration of appropriate objections at trial.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge