# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| R.D., | : | Civil No. 3:16-CV-01056 |
|---|---|---|
| Plaintiff, | : | |
| v. | : | (Magistrate Judge Carlson) |
| SHOHOLA, INC., | : | |
| Defendant. | : | |

## MEMORANDUM AND ORDER

**I.   Factual Background**

This case involves allegations of negligence by the defendant, Shohola, Inc., during a July 2007 Cape Cod camping excursion conducted by the defendant. In the course of this excursion, four minors—N.S., R.D., G.M., and E.J.[1]—were placed together in a tent allegedly without any immediate, direct adult supervision. What transpired in that tent twelve years ago lies at the heart of this lawsuit. The plaintiff, R.D., alleges that he was sexually assaulted in the tent by an older boy, N.S., and asserts that Shohola's negligence in failing to oversee the campers caused his injuries. R.D. has described this assault as an act of forced anal sex committed by

---

[1] To protect the privacy of these minors they will be identified only by initials in this opinion. N.S. was 13 at the time of these events. R.D., E.J., and G.M. were considerably younger, 10 or 11 years old.

N.S. in the course of a highly sexualized game of "Truth or Dare" instigated by N.S. As trial approaches, the parties have filed some 30 motions *in limine*, including two motions filed by the plaintiff, (Doc. 301, 347), and 28 motions submitted by the defendant. (Docs. 302-327, 360).

We now turn to consideration of two of these motions. In the course of this litigation an investigator hired by the plaintiff located and conducted a videotaped interview with E.J., one of the other boys who was in the tent the evening R.D. alleges that he was anally raped by N.S. For his part, in this initial interview E.J. described this assault in terms which closely paralleled R.D.'s account, alleging that N.S. instigated this game of "Truth or Dare" and then attempted to engage in anal intercourse with E.J., halting only when E.J. cried out for him to stop. Thus, E.J. provided a recorded statement which was a highly relevant and corroborative account of what transpired in the tent during this excursion.

While E.J. initially provided this account to the plaintiff's investigator, he was later contacted by a defense investigator. What took place during that contact is the subject of dispute and other motions pending before this court, but suffice to say that following this contact, when the plaintiff endeavored to depose E.J. to confirm his account of the sexual assaults which took place on the Camp Shohola excursion, E.J., who had now retained counsel, asserted his Fifth Amendment right to remain silent. The assertion of this Constitutional right has now made E.J. effectively

unavailable as a witness, causing the plaintiff to turn to the videotaped interview in which E.J. corroborated that N.S. committed sexual assaults upon the younger boys in the tent that night to support R.D.'s claims.

The defense has now filed motion *in limine* Number 26 which seeks to exclude from evidence E.J.'s initial recorded statement describing this sexual assault. (Doc. 328). Shohola has also filed a closely related motion in limine, Number 25, which would also seek to preclude the plaintiff from making any reference to E.J.'s subsequent assertion of his Fifth Amendment privilege during the deposition conducted in this case. (Doc. 327). These motions are fully briefed and argued and are, therefore, ripe for resolution.

For the reasons set forth below, the motion to preclude reference to E.J.'s assertion of the Fifth Amendment is deferred pending consideration of those other outstanding motions which relate to the propriety of the contacts between E.J. and a defense investigator. (Doc. 327). However, the defense motion to exclude E.J.'s prior statement describing this assault, (Doc. 328), is denied, the court finding that E.J.'s statement is now admissible under the exceptions to the hearsay rule embodied in Rules 804 and 807 of the Federal Rules of Evidence.

## II. Discussion

These motions in limine call upon us to consider the relevance of the invocation of the Fifth Amendment in a civil lawsuit, as well as the intersection

between the assertion of this constitutional right and the rules of evidence governing hearsay. The Fifth Amendment to the United States Constitution provides, in part, that no person: "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. By its terms, the Fifth Amendment privilege against self-incrimination only protects individuals from being witnesses against themselves in criminal cases. Therefore, while a person may invoke the Fifth Amendment privilege against self-incrimination in civil litigation in order to avoid criminal self-incrimination, the consequences which flow from that decision may differ in the civil and criminal setting. As the court of appeals has explained:

> The privilege against self-incrimination may be raised in civil as well as in criminal proceedings and applies not only at trial, but during the discovery process as well. Unlike the rule in criminal cases, however, reliance on the Fifth Amendment in civil cases may give rise to an adverse inference against the party claiming its benefits. Baxter v. Palmigiano, 425 U.S. 308, 318, 96 S.Ct. 1551, 1558, 47 L.Ed.2d 810, 821 (1976).

S.E.C. v. Graystone Nash, Inc., 25 F.3d 187, 190 (3d Cir. 1994). Thus, if E.J. was a party in this litigation, there would be little doubt that his assertion of this privilege could be introduced into evidence and some adverse inference could be drawn in the civil litigation from that assertion of the privilege.

But E.J. is not a party. He is a non-party witness, and courts are reluctant to automatically extend an adverse inference in this setting to a party based upon the assertion of the privilege by a non-party witness. See generally Rad Services, Inc. v.

Aetna Cas. and Sur. Co., 808 F.2d 271, 272 (3d Cir. 1986); Certain Underwriters at Lloyd's of London v. Alesi, 843 F. Supp. 2d 517, 526 (D.N.J. 2011). Instead, in making this determination regarding the extent to which a such an inference may be drawn from a non-party's invocation of the privilege:

> [T]he admissibility of a nonparty's invocation of the Fifth Amendment privilege against self-incrimination and the concomitant drawing of adverse inferences should be considered "on a case-by-case basis" [and] . . . the "overarching concern" that should guide the admissibility inquiry "is fundamentally whether the adverse inference is trustworthy under all of the circumstances and will advance the search for the truth." [On this score, courts have] identified four non-exclusive factors for courts to consider: (1) "the nature of the relevant relationships"; (2) "the degree of control of the party over the nonparty witness"; (3) "the compatibility of the interests of the party and non-party"; and (4) "the role of the non-party witness in the litigation."

Coquina Investments v. TD Bank, N.A., 760 F.3d 1300, 1310–11 (11th Cir. 2014) (quoting LiButti v. United States, 107 F.3d 110, 123 (2d Cir. 1997)); Cerro Gordo Charity v. Fireman's Fund Am. Life Ins. Co., 819 F.2d 1471, 1481 (8th Cir. 1987); RAD Servs., Inc. v. Aetna Cas. & Sur. Co., 808 F.2d 271, 277 (3d Cir. 1986).

In the instant case, these fact-bound questions relating to the relationship between the witness, E.J., and the defendant, Shohola, are best resolved in the context of consideration of other pending motions which expressly address those issues. (Docs. 323, 324, 360). Therefore we will defer consideration of the use, if any, that may be made of E.J.'s invocation of his Fifth Amendment rights in this

lawsuit brought against Shohola until we have had an opportunity to fully consider these other motions.[2]

Nonetheless it is clear that, regardless of who or what may have influenced this decision, E.J. has currently invoked his rights under the Fifth Amendment. As a result, E.J. is presently unavailable as a witness to testify to what he recounted during his initial videotaped interview regarding the alleged abuse that occurred at the hands of N.S. during this Camp Shohola-sponsored excursion. United States v. Boyce, 849 F.2d 833, 836 (3d Cir. 1988). E.J.'s current unavailability due to his assertion of the privilege against self-incrimination, however, may render his prior recorded statement non-hearsay which is available to the plaintiff at trial.

In particular, two provisions of the Federal Rules of Evidence permit the introduction of this prior statement, given E.J.'s unavailability. First, Rule 804 of the Federal Rules of Evidence carves out a hearsay exception for statements against interest, providing that when a witness is unavailable the following statements may be admitted:

> A statement that:
>
> **(A)** a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so

---

[2] On this score, we note that the fact-bound, fast-moving, and factually fluid nature of these determinations is aptly illustrated by recent developments in this case where E.J.'s mother, purporting to act on E.J.'s behalf, in the past several days has left voice mail messages with the defendant, defense counsel, and plaintiff's counsel which arguably align E.J.'s interests with those of the defendant.

> contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else or to expose the declarant to civil or criminal liability; and
>
> **(B)** is supported by corroborating circumstances that clearly indicate its trustworthiness, if it is offered in a criminal case as one that tends to expose the declarant to criminal liability.

Fed. R. Evid. 804(b)(3).

Here we find that E.J.'s prior recorded statement to the plaintiff's investigator falls squarely within Rule 804(b)(3). In reaching this conclusion, we note that we do not write upon a blank slate. Quite the contrary, numerous courts have relied upon Rule 804 in the past to admit statements regarding arguably criminal sexual conduct when witnesses are otherwise unavailable. See, e.g., United States v. Frank, 599 F.3d 1221, 1240 (11th Cir. 2010); Neuman v. Rivers, 125 F.3d 315, 320 (6th Cir. 1997); Oliver v. Wood, 96 F.3d 1106, 1107 (8th Cir. 1996).

In this case, the requisites for admission under Rule 804 are fully satisfied. First, given the invocation of his Fifth Amendment privilege, E.J. is undeniably unavailable since a witness is deemed unavailable when the witness "is exempted from testifying about the subject matter of the declarant's statement because the court rules that a privilege applies." Fed. R. Evid. 804(a)(1); United States v. Boyce, 849 F.2d 833, 836 (3d Cir. 1988). We also conclude that E.J. is entitled to invoke the protections of the Fifth Amendment since the sexual matters he discussed—which involved sexual activity between two minors in the state of Massachusetts—

7

arguably expose him to criminal culpability under the laws of Massachusetts where these events took place.³ Therefore, the Fifth Amendment is properly invoked by E.J.

Moreover, the fact E.J. has invoked his Fifth Amendment privilege is strong evidence that he subjectively appreciated that his statements were contrary to his proprietary, pecuniary, or penal interest, another requisite for the admission of statements under Rule 804. While Shohola attempted at oral argument to resist the application of Rule 804 to this statement by speculating that E.J. may not have fully appreciated his potential criminal jeopardy when he first made his statements to the plaintiff's investigator, this argument fails for several reasons. First, the available evidence, which includes E.J.'s assertion of the Fifth Amendment privilege and his mother's statements to Shohola's investigator that E.J. needed a lawyer, strongly suggests a subjective appreciation of this witness' criminal jeopardy. Second, the narrow focus urged by Shohola, which is limited to a subjective appreciation of

---

³ See Massachusetts General Laws Chapter 265, Section 23. Massachusetts' statutory rape law which states that: "Whoever unlawfully has sexual intercourse or unnatural sexual intercourse, and abuses a child under 16 years of age, shall be punished by imprisonment in the state prison for life or for any term of years or, except as otherwise provided, for any term in a jail or house of correction." Id. This statute has been construed by the state courts to create joint criminal culpability when two minors engage in sexual conduct: "When two minors have consensual sexual relations, both of whom are members of the class the statute is designed to protect, each has committed a statutory rape." Commonwealth v. Wilbur W., 479 Mass. 397, 398, 95 N.E.3d 259, 263 (2018).

criminal jeopardy, ignores the fact that Rule 804 applies to statements made against a witness' proprietary, pecuniary or penal interest. E.J.'s statements certainly qualify as statements against interest when viewed through this broader analytical lens. Third, Shohola's focus on E.J.'s subjective statement of mind is misplaced when construing Rule 804 since:

> As the Supreme Court observed in Williamson v. United States,
>
> [t]he question under Rule 804(b)(3) is always whether the statement was sufficiently against the declarants penal interest "that a reasonable person in the declarant's position would not have made the statement unless believing it to be true," and this question can only be answered in light of all of the surrounding circumstances.
>
> 512 U.S. 594, 604, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994) (quoting Fed. R. Evid. 804(b)(3)).

United States v. Fattah, 191 F. Supp. 3d 461, 465 (E.D. Pa. 2016). Simply put, the test under Rule 804 is an objective, reasonable person test, and not some form of subjective analysis. Viewed objectively, we find that the requirements of Rule 804 for admission of this statement are fully satisfied.

In any event, we note that there is yet another provision of the rules of evidence which also squarely applies here and would allow the introduction of this statement. Effective December 1, 2019, at the time of trial, Rule 807 of the Federal Rules of Evidence will provide that:

> Under the following conditions, a hearsay statement is not excluded by the rule against hearsay even if the statement is not admissible under a hearsay exception in Rule 803 or 804:

9

**(1)** the statement is supported by sufficient guarantees of trustworthiness--after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and

**(2)** it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts.

Fed. R. Evid. 807.[4]

In our view, E.J.'s initial statement to the investigator fully meets the requirements of Rule 807. First, the statement is highly probative, and given that E.J. is one of the only other witnesses to this incident, we find that there is no more probative form of evidence that could reasonably be obtained describing the events which transpired in the tent on the evening when this sexual assault allegedly took

---

[4] We note that the current text of the rule provides as follows:

> Under the following circumstances, a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception in Rule 803 or 804:
> **(1)** the statement has equivalent circumstantial guarantees of trustworthiness;
> **(2)** it is offered as evidence of a material fact;
> **(3)** it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
> **(4)** admitting it will best serve the purposes of these rules and the interests of justice.

Fed. R. Evid. 807. We find that the minor textual changes in the rule do not affect our analysis. Under either version of the rule we believe that E.J.'s initial statements to the plaintiff's investigator are admissible.

place. Moreover, considering the totality of the circumstances, we find that this initial statement has sufficient guarantees of trustworthiness to be admitted at trial. First, the statement given by E.J. is consistent with and corroborates R.D.'s account. Since there is no indication that these two witnesses had discussed these events prior to E.J. providing this recorded statement, the mutually consistent and corroborative nature of these two accounts gives E.J.'s statements a high degree of trustworthiness. Moreover, E.J.'s statements regarding this episode of attempted anal sex is of such a deeply personal nature that it is inconceivable that he would falsely volunteer such an account to the investigator.

Therefore, finding that E.J.'s statement is admissible under the exceptions to the hearsay rule embodied in Rules 804 and 807 of the Federal Rules of Evidence, we will deny the motion *in limine* to exclude this evidence.

An appropriate order follows.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **R.D.**, | : | Civil No. 3:16-CV-01056 |
| **Plaintiff,** | : | |
| v. | : | (Magistrate Judge Carlson) |
| **SHOHOLA, INC.,** | : | |
| **Defendant.** | : | |

# **ORDER**

AND NOW this 20th day of November 2019, in accordance with the accompanying Memorandum, IT IS ORDERED that the motion to preclude reference to E.J.'s assertion of the Fifth Amendment is DEFERRED pending consideration of those other outstanding motions which relate to the propriety of the contacts between E.J. and a defense investigator. (Doc. 327). However, the defense motion to exclude E.J.'s prior statement describing this assault, (Doc. 328), is DENIED, the court finding that E.J.'s statement is now admissible under the exceptions to the hearsay rule embodied in Rules 804 and 807 of the Federal Rules of Evidence.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge
